UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No. 08-C-483 |
| ) | |
| N'Site Solutions, Inc., et al., ) | Judge Milton I. Shadur |
| ) | Mag. Judge Michael T. Mason |
| Defendants. ) | |

**MOTION TO DISMISS FOR INSUFFICIENT PROCESS**

Co-defendant, Unitrin Direct Insurance Company ("UDIC"), by and through its attorneys, hereby moves this Court to dismiss Hyperquest, Inc.'s ("Plaintiff") Complaint for Injunctive Relief and Damages on grounds of insufficient process. In support of its motion UDIC avers:

1. Plaintiff Hyperquest, Inc. ("Plaintiff") filed its Complaint for Injunctive Relief and Damages against N'Site Solutions, Inc. and Unitrin Direct Auto Insurance on January 22, 2008. On January 23, 2008, Plaintiff served a copy of the Complaint to "Unitrin Direct Auto Insurance" at One East Wacker Drive, Chicago, IL 60601.

2. UDIC has moved to dismiss on grounds that "Unitrin Direct Auto Insurance" is not the corporate name of UDIC, and, in fact, no such corporate entity exists. Thus, UDIC has received insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4).

3. This matter should be dismissed by this Court due to Plaintiff's insufficient process caused by Plaintiff's failure to name the proper defendant to its action. This Court has held that deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant. *Bilal v. Rotec Indus., Inc.*, No. 03 C 9220, 2004 U.S. Dist. LEXIS 15488, at *10

10903607.1

(N.D. Ill., Aug. 4, 2004) (citing *O'Brien v. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)); *see also Knox v. Pendergast*, No. 06-C-61, 2007 U.S. Dist. LEXIS 34697, at *7 (E.D. Wis. May 11, 2007).

4. Plaintiff's misnomer "constitutes a fatal defect, that is a defect of substance and not one merely of form, the process [is] void ab initio and . . . [it is] recognized by Rule 12(b) as both insufficiency of process and insufficiency of service of process." *Sweeney v. Greenwood Index-Journal Co.*, 37 F. Supp. 484, 486 (D.C.S.C. 1941); *see also Transylvania Cty. v. Lincoln Gen. Ins. Co.*, No. 1:05cv282, 2005 U.S. Dist. LEXIS 44472, at *9 (W.D.N.C., Sept. 29, 2005) (dismissing defendant Crawford & Company International, Inc. for insufficiency of process because it was improperly named as Crawford & Company International because failure to properly name a corporate defendant is a fatal defect); *Brizendine v. Cont'l Casualty Co.*, 773 F. Supp. 313, 315 (N.D. Ala. 1991) (granting motion to dismiss on grounds that service of process upon defendant Continental Casualty Company was improper and insufficient because defendant was named as CNA Insurance Company, where "CNA" was a trade name used by Continental Casualty Company). *See generally* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1353 (3d ed. 2004) (Rule 12(b)(4) and 12(b)(5) motions are the proper vehicle to challenge defects in the contents of the summons and complaint and service thereof.).

5. In the present case, Plaintiff has clearly named and served an incorrect party. Thus, this Court should dismiss Plaintiff's Complaint against UDIC pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient process.

WHEREFORE, UDIC respectfully requests that this matter be dismissed with prejudice as to all counts.

February 12, 2008

                    Respectfully submitted,

                    UNITRIN DIRECT INSURANCE COMPANY
                    By Its Attorneys

                    s/ Paul R. Kitch
                    Paul R. Kitch
                    pkitch@nixonpeabody.com
                    Jodi Rosen Wine
                    jwine@nixonpeabody.com
                    Elizabeth W. Baio
                    ebaio@nixonpeabody.com
                    NIXON PEABODY LLP
                    161 N. Clark St., 48th Floor
                    Chicago, IL 60601
                    (312) 425-3900

**CERTIFICATE OF SERVICE**

The undersigned certifies that the **MOTION TO DISMISS FOR INSUFFICIENT PROCESS** was filed electronically in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, these documents were served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

    s/ Paul R. Kitch
One of the Attorneys for Defendant
UNITRIN DIRECT INSURANCE COMPANY

10901775.1