UNITED STATE DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08 C 483 |
| v. | ) |
| | ) Honorable Milton I. Shadur |
| N'Site Solutions, Inc., et al., | ) |
| | ) Magistrate Judge Michael T. Mason |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STAY DISCOVERY PENDING RULING ON
<u>DEFENDANTS' 12(b)(1) MOTION TO DISMISS</u>**

Defendants N'Site Solutions, Inc. n/k/a ClaimHub, Inc. ("N'Site") and Unitrin Direct Insurance Company ("UDIC")[1] hereby submit this Memorandum of Law in support of its Motion To Stay Discovery.

I.  Introduction

Plaintiff Hyperquest, Inc. ("Plaintiff") filed its Complaint for Injunctive Relief and Damages on January 22, 2008. On February 12, 2008, Defendants filed a motion to dismiss all counts of the Plaintiff's complaint asserted against Defendants.

On January 28, 2008, the Court ordered a status hearing – a "scheduling conference" – to be held on March 11, 2008. The parties were ordered to meet not later than 14 days before the Status Hearing Date to comply with the provisions of Rules 26(f) and 26(a)(c).

---

[1] Plaintiff's complaint names "Unitrin Direct Auto Insurance" as a defendant in addition to N'Site. As pointed out in Unitrin Direct Insurance Company's Motion to Dismiss for Insufficient Process, Unitrin Direct Auto Insurance is not a corporate entity. To the extent the Court determines it is premature for UDIC to be joining the present motion, UDIC will withdraw itself from this motion and re-file a separate motion to stay discovery in response to a complaint being served on UDIC, should that occur. UDIC joins the present motion to streamline the process and out of an abundance of caution in order to avoid inadvertently waiving any of its rights.

Defendants have moved to stay discovery for the following reasons:

1. Defendants have filed a Motion to Dismiss on the grounds that, because Plaintiff is a non-exclusive licensee of the subject copyright, it lacks standing to enforce the copyright in this or any other action, and, therefore, this Court lacks subject matter jurisdiction;

2. Defendants have established a substantial likelihood of success on its motion to dismiss;

3. The Court's ruling on Defendants' pending motion to dismiss will, in all likelihood, dispose of all or some of the claims asserted against Defendants and, thus, will eliminate the need for discovery as to Defendants altogether or narrow the claims upon which discovery may be had;

4. A stay of discovery is warranted at this early juncture in this action as it will protect Defendants from potentially unnecessary and burdensome discovery and the costs and expenses associated therewith and conserve the parties' resources pending the Court's ruling on its motion to dismiss; and

5. Plaintiff will not be prejudiced by a stay of discovery pending the Court's ruling on Defendants' Motion To Dismiss.

II.  Discovery Should Be Stayed Pending Resolution Of Defendants' Motion To Dismiss

There can be no doubt that this Court has the discretion to control the management of a case and can exercise its discretion to stay discovery pending a potentially dispositive motion. See Sprague v. Brook, 149 F.R.D. 575, 577 (N.D. Ill. 1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion).  Cemail v. Viking Dodge, Inc., No. 97 C 908, 1997 U.S. Dist. LEXIS 8990, at *1 (N.D. Ill., June 16, 1997) (granting City's motion to stay discovery until after motion to dismiss is decided).  Douglas v.

Potter, No. 05-578-MJR, 2006 U.S. Dist. LEXIS 18063, at *2 (S.D. Ill. Apr. 7, 2001) (district court granted defendants' motion to stay discovery pending resolution of motion to dismiss). In determining whether to stay discovery, the Court should look at the potentially dispositive motion to see whether it is a challenge as a matter of law to plaintiff's claims or to the sufficiency of the allegations. Where the motion to dismiss challenges the sufficiency of the plaintiff's claims as a matter of law, and the moving party has demonstrated a probability of success, discovery should be stayed pending a ruling on the motion. See Cataldo v. City of Chicago, No. 01 C 6665, 2002 U.S. Dist. LEXIS 1590, at *4 (N.D. Ill. Jan. 23, 2002) (stating the court's failure to grant a motion to stay discovery "when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources"); see also Gold v. Wolpert, No. 84 C 4344, 1988 U.S. Dist. LEXIS 3878, at *2 (N.D. Ill. April 25, 1988) (granting motion to stay discovery because the complaint was already dismissed once and because the motion to dismiss appeared to have some merit). Accordingly, it might well be a waste of the parties' time and money to proceed with any additional discovery. See Sprague v. Brook, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (stating, "the court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the 'just, speedy and inexpensive determination of every action.'"). See also, e.g., Chicago Board Options Exchange v. Connecticut General Life Insurance Company, 95 F.R.D. 524 (N.D. Ill. 1982) (stating that a stay of discovery pending resolution of a motion to dismiss avoids unnecessary discovery in the event the motion is granted).

    A.    **Defendants Have Established A Substantial Likelihood Of Success On Its Motion To Dismiss**

Plaintiff has asserted two counts in its complaint against Defendants. In Count I, Plaintiff alleges that N'Site infringes Plaintiff's copyright in the eDoc Express software pursuant to 17

3

U.S.C. § 504(c)(2). In Count II, plaintiff alleges that Unitrin Direct Auto Insurance infringes Plaintiff's copyright in the eDoc Express software. Defendants' Motion to Dismiss and the accompanying Memorandum of Law In Support of Defendants' Motion To Dismiss for Lack of Subject Matter Jurisdiction ("Defendants' Memorandum") establish that Plaintiff is not the "exclusive" licensee of the eDoc Express Software. See Defendants' Memorandum at pp. 4-6. Plaintiff is not the exclusive licensee of the eDoc Express software because:

(1) Safelite, the alleged owner of the copyright in eDocs, granted Plaintiff a license subject to N'Site's use of the copyrighted materials;

(2) Safelite reserved to itself the sole discretion to enforce the copyright against N'Site; and

(3) Safelite reserved to itself the sole right to terminate N'Site's license.

See id., at pp. 4-6.

In their papers, Defendants have established that only an "exclusive" licensee may enforce a copyright. See id., at pp. 3-4. Because Plaintiff is not an exclusive licensee, Plaintiff lacks standing to pursue this action.

Thus, Defendants have established a strong likelihood of success on its Motion to Dismiss such that a stay of discovery pending this Court's ruling on its Motion to Dismiss is appropriate. See Cataldo, 2002 U.S. Dist. LEXIS 1590, at *4 (granting motion to stay discovery where a legitimate possibility that the case could be dismissed was found); see also Gold, 1988 U.S. Dist. LEXIS 3878, at *2 (granting motion to stay discovery because the motion to dismiss appeared to have some merit).

Given the substantive deficiencies in Plaintiff's complaint, discovery is wholly premature, and this Court should stay discovery pending its ruling on Defendants' Motion to Dismiss.

4

10902025.1

B.　　A Stay Of Discovery Is Appropriate At This Early Stage To Protect Defendants From Burdensome And Potentially Unnecessary Discovery

It is entirely possible that the Court's decision on Defendants' Motion to Dismiss will dispose of the Plaintiff's claims against both Defendants, thereby eliminating the need for discovery. As a result, a stay of discovery at this early stage pending the Court's decision on Defendants' Motion to Dismiss will protect Defendants from burdensome and potentially unnecessary discovery. See Sprague v. Brook, 149 F.R.D. 575, 578 (N.D. Ill. 1993). In Sprague, the Northern District of Illinois stayed all discovery pending its ruling on the defendant's dispositive motion. In Sprague, the district court noted that the plaintiff's discovery requests were irrelevant to the issues raised in the defendant's motion to dismiss, "which may dispose of this case in its entirety." Id. The Court thus held that discovery pending resolution of the motion to dismiss would not be justified because it would be costly and inconvenient and it would impose an undue burden on the defendant. Id.

If discovery is not stayed, Defendants will be put to substantial burden and expense prior to a determination as to whether it will remain a party to this litigation. The task of responding to Plaintiff's discovery request will be extremely burdensome requiring a large undertaking – both in terms of labor and expense. Before Defendants are put to this burdensome task, Defendants should have the benefit of the Court's ruling on its motion to dismiss and, in the interim, should be protected from burdensome and potentially unnecessary discovery.

Similarly, should the Court grant Defendants' Motion to Dismiss, discovery in this case would become moot. The Motion to Dismiss in this case raises a legal question of whether Safelite Group, Inc. conferred all rights in the eDoc Express copyright to Plaintiff. Discovery from the Defendants would not shed light on this question. Accordingly, it is appropriate to stay discovery until Defendants' dispositive motion is determined. See Sprague v. Brook, 149 F.R.D.

575, 578 (N.D. Ill. 1993); see also Cemail v. Viking Dodge, Inc., No. 97 C 908, 1997 U.S. Dist. LEXIS 8990, at *1 (N.D. Ill., June 16, 1997) (granting City's motion to stay discovery until after motion to dismiss is decided); Douglas v. Potter, No. 05-578-MJR, 2006 U.S. Dist. LEXIS 18063, at *2 (S.D. Ill. Apr. 7, 2001) (granting defendants' motion to stay discovery pending resolution of motion to dismiss).

    C.    Plaintiff Will Not Be Prejudiced By A Stay Of Discovery Pending The Court's Ruling On Defendants' Motion To Dismiss

Plaintiff obtained a license to the eDoc Express software on July 6, 2004. This action was not filed until January 22, 2008. Judging from this more than three-and-a-half year delay in bringing suit, the Plaintiff will suffer no prejudice from a brief delay pending resolution of Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, all discovery should be stayed pending the Court's resolution of Defendants' Motion To Dismiss.

February 13, 2008

                                            Respectfully submitted,

                                            Steven L. Tiedemann
                                            Illinois ARDC#24794
                                            Tiedemann@stronghold-advisors.com
                                            8820 Columbia 100 Parkway, Suite 400
                                            Columbia, Maryland 21045
                                            (410) 884-1960
                                            (410) 884-1457 (fax)

                                            Attorney for N'Site Solutions n/k/a ClaimHub, Inc.

                                            s/ Paul R. Kitch
                                            Paul R. Kitch
                                            pkitch@nixonpeabody.com

> Jodi Rosen Wine
> jwine@nixonpeabody.com
> Elizabeth W. Baio
> ebaio@nixonpeabody.com
> NIXON PEABODY LLP
> 161 N. Clark St., 48th Floor
> Chicago, IL 60601
> (312) 425-3900
>
> Attorneys for Unitrin Direct Insurance Company