UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 C 483 |
| ) | |
| N'SITE SOLUTIONS, INC., and UNITRIN ) | Honorable Milton I. Shadur |
| DIRECT AUTO INSURANCE ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendants. ) | JURY DEMAND |

**HYPERQUEST'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL MEMORANDUM**

Plaintiff, HyperQuest, Inc. ("HQ"), by and through its undersigned counsel, hereby respectfully requests that this Honorable Court grant it leave to file a supplemental memorandum in opposition to the pending motion of N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin") to dismiss for lack of subject-matter jurisdiction, a copy of which is attached hereto as Exhibit A. In support thereof, HQ states as follows:

1.  On February 13, 2008, N'Site and Unitrin filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Hearing Request and a memorandum of law in support thereof. In their initial motion and memorandum, N'Site and Unitrin argued primarily that HQ has contractually agreed that it would not have the right to bring an infringement action against N'Site and that only Safelite would have that right. Although the initial motion and memorandum were submitted jointly by N'Site and Unitrin, the only argument set forth for dismissal of Unitrin initially was essentially a statement that for the same reasons as stated with respect to N'Site, HQ also lacked standing to sue Unitrin.

2.  On February 21, 2008, HQ filed HyperQuest's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, including the Declaration of Jeffrey J.

Hogan, one of the principal negotiators of the Safelite/HyperQuest Exclusive License, in support thereof, explaining that N'Site and Unitrin's "interpretation" of the contract language at issue was incorrect.

3. On February 25, 2008, N'Site, without leave of Court, filed a reply brief. In its reply, N'Site argued, among other things, that: (i) it is not obligated to admit or deny whether or not it currently has any right to use, reproduce, distribute, or create derivative works based upon the eDoc Software; and (ii) there is no evidence that the initial license between N'Site and Quivox Systems Incorporated (the "Quivox/N'Site License"), which was subsequently assigned to Safelite Group Inc. ("Safelite"), was ever terminated.

4. On February 27, 2008, this Court held a status hearing in this matter. At that status hearing, among other things, the Court indicated that after reviewing N'Site's reply brief, the Court believed that whether or not the Quivox/N'Site License was ever terminated was important for purposes of determining whether or not HQ had exclusivity vis-à-vis N'Site. Transcript of Proceedings ("Transcript"), attached hereto as Exhibit B, at pp. 8-10. The Court further explained that HQ may have exclusivity vis-à-vis Unitrin even if HQ did not have exclusivity vis-à-vis N'Site. Id.

5. HQ requested leave to conduct discovery on the issue of whether the Quivox/N'Site License was ever terminated. HQ also inquired as to whether the Court's analysis regarding HQ's exclusivity vis-à-vis N'Site was the same with respect to the several exclusive rights under Section 106 of the Copyright Act – even though the Quivox/N'Site License was very limited in scope and never permitted, for example, any distribution to third parties or any creation of derivative works. The Court stated that if HQ wanted to take that position, the Court would "certainly take a look at it." (Transcript at p. 14).

6. The Court also gave Unitrin leave to file a reply brief to explain why Unitrin is in the same position vis-à-vis HQ as N'Site. On March 14, 2008, Unitrin filed its reply, raising several new arguments for the first time.

7. On April 6, 2008, HQ finally received Safelite's document production in response to the subpoena that HQ served upon Safelite on February 29, 2008.

8. There was no date set for HQ to file a supplemental memorandum addressing the issues discussed at the hearing, the arguments raised for the first time on reply by Unitrin, or the information that was received in response to the discovery served by HQ.

9. In light of the Court's indication at the February 27 status hearing that the Court would be willing to let HQ submit something additional on the issues that were discussed, and in light of the new arguments raised by Unitrin and the recent completion of Safelite's document production, HQ hereby requests that it be permitted to file a supplemental memorandum addressing such issues.

WHEREFORE, HyperQuest Inc. respectfully requests that this Honorable Court enter an order granting it leave to file HyperQuest's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

- 4 -

Dated:  April 10, 2008

                    Respectfully submitted,

                    **HYPERQUEST, INC.**


                    By: /s/ Deborah Rzasnicki Hogan
                       One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000