**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HYPERQUEST, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08 C 483** |
| | ) | |
| **N'SITE SOLUTIONS, INC., and** | ) | **Honorable Milton I. Shadur** |
| **UNITRIN DIRECT AUTO INSURANCE** | ) | **Magistrate Judge Michael T. Mason** |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

**HYPERQUEST'S OPPOSITION TO UNITRIN'S MOTION**
**TO DISMISS FOR INSUFFICIENT PROCESS**

Plaintiff, HyperQuest, Inc. ("HQ"), by and through its undersigned counsel, hereby submits this opposition to the motion of Defendant Unitrin Direct Insurance Company ("UDIC") to dismiss for insufficient process.

**I.      INTRODUCTION**

UDIC requests dismissal for "insufficient process" pursuant to Fed. R. Civ. P. 12(b)(4) because HQ's complaint and the summons issued in connection therewith refers to UDIC as "Unitrin Direct Auto Insurance."  UDIC asserts that its official corporate name is "Unitrin Direct Insurance Company" and that this misnomer is a "fatal defect" which requires dismissal of HQ's complaint.

UDIC is wrong.  Mistakes regarding the correct name of the defendant and other mistakes that go to form, rather than substance, of the summons are not grounds for dismissal in cases such as this where the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action. See Tremps v. Ascot Oils, Inc., 561 F.2d 41, 44 (7th Cir. 1977).

UDIC ignores binding precedent from the Court of Appeals for the Seventh Circuit; fails to cite a single case that supports its position (except for one which is no longer good law); and misleadingly cites to a number of authorities which do not support its position. For all of these reasons, discussed below, UDIC's motion should be denied.

## II.     BACKGROUND

On January 22, 2008, HQ filed its Complaint for Injunctive Relief and Damages ("Complaint") against N'Site Solutions Inc. and "Unitrin Direct Auto Insurance." On January 23, 2008, a copy of the Complaint and a summons addressed to "Unitrin Direct Auto Insurance" at One East Wacker Drive in Chicago, Illinois was served upon "Unitrin Direct Auto Insurance" at the address set forth in the summons. See Summons in a Civil Case and Affidavit of Service attached thereto, filed January 29, 2008, attached hereto as Exhibit A. The summons directed "Unitrin Direct Auto Insurance" to respond to the Complaint within 20 days of service (i.e. no later than February 12, 2008).

On February 12, 2008, the date upon which "Unitrin Direct Auto Insurance" was directed to respond to the summons or risk entry of default judgment against it, counsel for UDIC filed appearances for UDIC; a Statement as to Affiliates pursuant to Local Rule 3.2; and the currently pending Motion to Dismiss for Insufficient Process. In its Statement as to Affiliates, UDIC asserts that UDIC is an indirect, wholly-owned subsidiary of Unitrin, Inc.

UDIC does business as "Unitrin Direct Auto Insurance." See Unitrin Direct homepage, printed from http://www.unitrindirect.com, attached hereto as Exhibit B (referring three times to "Unitrin Direct Auto Insurance" and stating that "Unitrin Direct insurance companies are subsidiaries of Unitrin, Inc."). See also Unitrin homepage, printed from http://unitrin.com, attached hereto as Exhibit C (listing "Unitrin Direct Auto Insurance"

as one of Unitrin's "insurance businesses"); Unitrin 2006 Annual Report, pp. 14-15, attached hereto as Exhibit D (identifying "Unitrin Direct Auto Insurance" as part of the Unitrin "Family of Companies").

Moreover, there is no question that Unitrin Inc.'s corporate headquarters are located at One East Wacker Drive in Chicago, Illinois and that the President of UDIC, as part of Unitrin Inc. management, is located at One East Wacker Drive in Chicago, Illinois.  See Unitrin, Inc. Form 8-K, filed with the United States Securities and Exchange Commission on December 11, 2007, p.1, attached hereto as Exhibit E (identifying One East Wacker Drive, Chicago, Illinois as the address of its principal executive offices); Unitrin Corporate-Management information page, printed from http://phx.corporate-ir.net/phoenix.zhtml?c=91209&p=irol-govManage, attached hereto as Exhibit F (identifying the President of "Unitrin Direct" in Chicago, Illinois).

Finally, there is no question that UDIC is the subject of the Complaint filed by HQ.  For example, in its Complaint, HQ alleges "in or about the summer of 2006, N'Site sold the source code of its infringing "N'Solutions" software to Unitrin for over $700,000." Complaint, ¶ 29.  In a subsequent pleading, UDIC admits that UDIC did, in fact, purchase the N'Solutions software for $700,000.  See Unitrin Direct's Reply In Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, p. 9 ("UDIC would never have spent $700,000 to purchase the N'Solutions software …").

## III.    ARGUMENT

UDIC boldly asserts that HQ's identification of UDIC as "Unitrin Direct Auto Insurance" in the Complaint and summons "constitutes a fatal defect."  UDIC Motion to

Dismiss for Insufficient Process, p. 2.  UDIC misstates the law and ignores binding precedent from the Court of Appeals for the Seventh Circuit.

> **A.    Service Is Sufficient Despite A Mistake By A Plaintiff Regarding The Defendant's Correct Name, Absent Any Showing Of Prejudice.**

In <u>Tremps v. Ascot Oils, Inc.</u>, the Seventh Circuit held: "A defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them." 561 F.2d 41, 44 (citing <u>Unites States v. A.H. Fischer Lumber Co.</u>, 162 F.2d 872 (4th Cir. 1947).  The Seventh Circuit further explained:

> A suit at law in not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court.  If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

561 F.2d at 44 (citing <u>United States v. A.H. Fischer</u>, 162 F.2d at 873).

In <u>Tremps v. Ascot</u>, the plaintiff mistakenly named "James R. Cunningham, Jr." as a defendant instead of "James R. Cunningham, Sr."  The summons was directed to "James R. Cunningham" and served upon the senior Cunningham's secretary at 353 Corrine Circle in Shreveport, Louisiana.  The senior Cunningham argued that service was ineffective because he could reasonably conclude that the summons and complaint were directed toward his son, with whom he shared a secretary, and who was the president of a company named as a co-defendant in the lawsuit.

The Seventh Circuit rejected the senior Cunningham's position.  The Seventh Circuit noted that the complaint identified Cunningham as the president of Ascot Oils and as one of a group of individuals that participated in certain transactions.  The Seventh Circuit

further noted that the son had no affiliation with Ascot Oils and that "viewing the summons and amended complaint as a whole, the senior Cunningham was clearly identified as the person the plaintiff intended to sue."  Id. at 44.  The Seventh Circuit, therefore, concluded "[t]he district court acquired jurisdiction over the person of James R. Cunningham, Sr., when the summons and amended complaint were served on his secretary at his request."  Id.

Notably, the Seventh Circuit cites extensively from the decision of the Court of Appeals for the Fourth Circuit in United States v. A.H. Fischer with approval.  In that case, the plaintiff mistakenly identified the defendant as "A.H. Fischer Lumber Company" in its first summons and complaint (which was dismissed) and then as "A.H. Fischer Company, Inc." in a second action (which was also dismissed).  The defendant's correct corporate name was "A.H. Fischer Company."  The Fourth Circuit reversed, holding "[w]ithout amendment the process in both cases adequately named the defendant and was sufficient to bring it into court."  162 F.2d at 873.

Moreover, existing authority overwhelmingly supports the rule espoused in Tremps v. Ascot Oils and United States v. A.H. Fischer – even if there is a mistake regarding the correct name of the defendant (or other mistakes that go to form, rather than substance, of the summons) process is sufficient, and the district court acquires jurisdiction over the defendant where the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action.  See, e.g. Libertad v. Welch, 53 F.3d 428, 440-441 (1st Cir. 1995) ("When an alleged defect in service is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal."); United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible

rule that should be liberally construed so long as a party receives sufficient notice of the complaint. Even if the summons fails to name all of the defendants or, as in the case before us, the summons specifies the incorrect time for filing of the answer, dismissal is generally not justified absent a showing of prejudice.") (citations omitted); <u>Jackson v. Duke</u>, 259 F.2d 3, 7 (5th Cir. 1958) ("The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.") (citations omitted). <u>See also</u> <u>Kemp v. Metabolife Int'l, Inc.</u>, 203 WL 1936381 *1 (E.D. La. 2003) (dismissal not appropriate even though plaintiff mistakenly named "Golden Eagle Company" instead of "Golden Eagle Corporation"); <u>Louisiana Acorn Fair Housing v. Quarter House</u>, 952 F.Supp. 352, 355 (E.D. La. 1997) (dismissal not appropriate even though plaintiff mistakenly named "Quarter House Homeowners Association, Inc." instead of Quarter House Owners' Association"); <u>Desai v. Tire Kingdom, Inc.</u>, 944 F.Supp. 876, 878 (M.D. Fla. 1996) (dismissal not appropriate even though plaintiff mistakenly named "Tire Kingdom" instead of "Tire Kingdom, Inc."); <u>Inter-City Products Corp. v. Willey</u>, 149 F.R.D. 563, 569 (M.D. Tenn. 1993) ("Absent a showing of material prejudice to the defendants, dismissal of the complaint based on the asserted noncompliance with Rule 4(b) is not justified."); <u>Crane v. Battelle</u>, 127 F.R.D. 174, 177 (S.D. Ca. 1989) ("Defects in the form of summons are considered technical and a dismissal is not proper unless the party can demonstrate actual prejudice."); <u>Kroetz v. AFT Davidson Co.</u>, 102 F.R.D. 934, 936-37 (E.D.N.Y. 1984) (dismissal not appropriate even though plaintiff mistakenly named "ATF-Davidson Company f/k/a American Type Founders Co., Inc." instead of "White Consolidated

Industries"); Great Plains Crop Management, Inc. v. Tryco Manufacturing Co., Inc., 554 F.Supp. 1025, 1028 (D. Mont. 1983) (technical defect in summons does not warrant dismissal absent some showing of prejudice); Boatmen v. Thomas, 320 F.Supp. 1079, 1079-80 (M.D. Pa. 1971) (dismissal not appropriate even though plaintiff mistakenly named "Dann G. Thomas" instead of "George Thomas Dann").

> **B.**     **There Is No "Insufficiency Of Process" Vis-à-Vis UDIC Because UDIC Has Not Been Prejudiced In Any Way.**

As in Tremps v. Ascot Oils and United States v. A.H. Fischer, this Court acquired jurisdiction over UDIC when the summons addressed to "Unitrin Direct Auto Insurance" was served upon an authorized individual at UDIC's offices. When viewed as a whole, there is no reasonable doubt or confusion about who it was that HQ intended to sue. UDIC does not even attempt to argue that is was confused in any way about who it was the HQ intended to sue, or that it has been prejudiced in any way by HQ's failure to identify it by its correct corporate name in the summons or Complaint, nor could it. UDIC undisputedly does business as "Unitrin Direct Auto Insurance" and UDIC admits that it entered into the transaction complained of in the Complaint. See Section I, above. Under these circumstances, there is no "insufficiency of process" and UDIC's motion must be denied.

> **C.**     **There Is No Support For UDIC's Position That Misnomer Of A Defendant Is A "Fatal Defect."**

UDIC's position that misnomer of a defendant is a "fatal defect" is without support and must be rejected. UDIC not only fails to cite binding precedent from the Court of Appeals for the Seventh Circuit, but also fails to cite a single case that remains good law that actually supports its position. The only case cited by UDIC that actually supports its position is Sweeney v. Greenwood Index-Journal Co., 37 F.Supp. 484 (W.D.S.C. 1941).

UDIC fails to inform the Court, however, that <u>Sweeney v. Greenwood</u> is no longer good law (and has not been for over 60 years) because it was expressly rejected by the Court of Appeals for the Fourth Circuit in 1947.  <u>See</u> <u>United States v. A.H. Fischer</u>, 162 F.2d at 874 n.1 ("The judge relied upon <u>Sweeney v. Greenwood Index Journal Co.</u>, D.C., 37 F.Supp. 484; but that case is not binding authority and we do not regard is as according with the liberal rule of modern practice.").  <u>See also</u> 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1131 (2008) n. 13 ("Since the district court decision in <u>Sweeney</u> is wholly inconsistent with the Fourth Circuit's decision in <u>Fischer</u>, the earlier case must be disregarded as no longer valuable as precedent.")

The other cases cited by UDIC do not support its position.  For example, in <u>Bilal v. Rotec Industries, Inc.</u>, 2004 WL 1794918 (N.D. Ill. 2004), the district court cites <u>O'Brien v. R.J. O'Brien & Assoc., Inc.</u>, 998 F.2d 1394, 1400 (7th Cir. 1993) for the general proposition that "[d]eficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant, failing to specify the number of days allotted for defendant to answer, and failure to obtain a court seal or signature" and then denies defendant's motion to dismiss. Similarly, in <u>Knox v. Pendergast</u>, 2007 WL 1413681 *3 (E.D. Wis. May 11, 2007), the district court also cites <u>O'Brien</u> for the same general proposition and then denies defendant's motion to dismiss.  With respect to <u>Transylvania County v. Lincoln General Insurance Co.</u>, 2005 US Dist Lexis 44472 *6-11 (W.D.N.C. Sept. 29, 2005), UDIC fails to mention that the decision cited is the Memorandum and Recommendation of the United States Magistrate Judge but, more importantly, that the dismissal was based almost entirely on plaintiff's failure to timely respond or object in any way to the motion.

UDIC's description of <u>Brizedine v. Continental Casualty Co.</u>, 773 F.Supp. 313 (N.D.Ala. 1991) is inaccurate.  In that case, the district court did grant defendant's motion to dismiss without prejudice, granting plaintiff 10 days within which to file an amended complaint substituting the name "Continental Casualty Company" for the name "CNA Insurance Company" wherever that name appeared in plaintiff's original complaint.  However, in addressing plaintiff's motion to remand, the district court explained "[t]his record clearly shows that defendant Continental Casualty Company was served with summons and copy of the original state court complaint in this civil action … at the moment of such service it instantaneously had notice that it was being sued by the plaintiff … by complaint filed … against it under its "tradename" or "PR name" which it obviously widely used to engage in the insurance business in the United States."  <u>Id</u>. at 315-16.  The Court also noted that summons had not been re-served, nor was it required to be re-served.  Instead, service of the amendment to the complaint on counsel for the defendant was adequate.  <u>Id</u>. at 315 n. 2.

Finally, UDIC's citation to Wright & Miller is misleading.  UDIC cites "generally" to Wright & Miller in support of its proposition that misnomer is a "fatal defect."  <u>See</u> Motion to Dismiss for Insufficient Process at 2.  In fact, Wright & Miller explicitly rejects UDIC's position.  <u>See, e.g.</u>, 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (2008) ("In the case of an objection under Rule 12(b)(4) to the form of the process, the motion will be granted only when the defect is prejudicial to the defendant."); 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1131 (2008) ("When the error goes to form rather than substance … and the defendant received the original process, realizes it is directed at him, and thus is put on notice of the

commencement of the action, there is no reason why a United States district court should refuse to permit the amendment of either the process or the return of service."); 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (2008) ("Only when the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of the requirements . . . is the district court likely to rule that a failure to comply precisely with Rule 4(a) cannot be cured by amendment.  In those instances, the district court may dismiss the complaint, presumably without prejudice, for lack of service of process as is true when there is a defect in some aspect of the service itself.  The court also may simply quash the process, preserve the action, and allow the plaintiff to re-serve the defendant.")

## IV.    CONCLUSION

For these reasons, UDIC's motion to dismiss for insufficient process should be denied and this Court should enter an order granting HyperQuest's Motion to Amend to Correct Corporate Name of Unitrin Direct filed contemporaneously herewith.

Dated:  April 28, 2008                    Respectfully submitted,

**HYPERQUEST, INC.**

By: /s/ Deborah Rzasnicki Hogan
        One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
   ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on April 28, 2008, she caused a copy of the attached **HYPERQUEST'S OPPOSITION TO UNITRIN'S MOTION TO DISMISS FOR INSUFFICIENT PROCESS**, to be served via the Court's electronic notification system upon:

Paul R. Kitch
Jodi Rosen Wine
Elizabeth W. Baio
Nixon Peabody LLP
161 N. Clark St., 48th floor
Chicago, IL 60601

Steven L. Tiedemann
8820 Columbia 100 Parkway Suite 400
Columbia, MD 21045

/s/ Deborah Rzasnicki Hogan