UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 C 483 |
| | ) |
| N'SITE SOLUTIONS, INC., and | ) Honorable Milton I. Shadur |
| UNITRIN DIRECT AUTO INSURANCE | ) Magistrate Judge Michael T. Mason |
| | ) |
| Defendants. | ) JURY DEMAND |

**HYPERQUEST'S MOTION TO AMEND
TO CORRECT CORPORATE NAME OF UNITRIN DIRECT**

Plaintiff, HyperQuest, Inc. ("HQ"), by and through its undersigned counsel, hereby respectfully requests that this Honorable Court enter an order granting it leave, pursuant to Fed. R. Civ. P. 15(c) and Fed. R. Civ. P. 4(a)(2), respectively, to amend its Complaint for Injunctive Relief and Damages and to amend the Summons in a Civil Case addressed to "Unitrin Direct Auto Insurance" to correctly identify "Unitrin Direct Auto Insurance" by its official corporate name, "Unitrin Direct Insurance Company." In support thereof, HQ states as follows:

1. On January 22, 2008, HQ filed its Complaint for Injunctive Relief and Damages ("Complaint") against N'Site Solutions Inc. and "Unitrin Direct Auto Insurance."

2. On January 23, 2008, a copy of the Complaint and a summons addressed to "Unitrin Direct Auto Insurance" at One East Wacker Drive in Chicago, Illinois was served upon "Unitrin Direct Auto Insurance" at the address set forth in the summons. See Summons in a Civil Case and Affidavit of Service attached thereto, filed January 29,

2008, attached as Exhibit A to HyperQuest's Opposition to Unitrin's Motion to Dismiss for Insufficient Process ("HQ's Opposition"), filed contemporaneously herewith.

3. The summons directed "Unitrin Direct Auto Insurance" to respond to the Complaint within 20 days of service (i.e. no later than February 12, 2008).

4. On February 12, 2008, the date upon which "Unitrin Direct Auto Insurance" was directed to respond to the summons or risk entry of default judgment against it, counsel for UDIC filed appearances for UDIC; a Statement as to Affiliates pursuant to Local Rule 3.2; and the currently pending Motion to Dismiss for Insufficient Process.

5. In its Statement as to Affiliates, UDIC asserts that UDIC is an indirect, wholly-owned subsidiary of Unitrin, Inc.

6. UDIC does business as "Unitrin Direct Auto Insurance." See Unitrin Direct homepage, printed from http://www.unitrindirect.com, attached as Exhibit B to HQ's Opposition (referring three times to "Unitrin Direct Auto Insurance" and stating that "Unitrin Direct insurance companies are subsidiaries of Unitrin, Inc."). See also Unitrin homepage, printed from http://unitrin.com, (listing "Unitrin Direct Auto Insurance" as one of Unitrin's "insurance businesses") and Unitrin 2006 Annual Report, pp. 14-15 (identifying "Unitrin Direct Auto Insurance" as part of the Unitrin "Family of Companies"), attached to HQ's Opposition as Exhibits C and D, respectively.

7. Moreover, there is no question that Unitrin Inc.'s corporate headquarters are located at One East Wacker Drive in Chicago, Illinois and that the President of UDIC, as part of Unitrin Inc. management, is located at One East Wacker Drive in Chicago, Illinois. See Unitrin, Inc. Form 8-K, filed with the United States Securities and Exchange Commission on December 11, 2007, p.1 (identifying One East Wacker Drive,

Chicago, Illinois as the address of its principal executive offices) and Unitrin Corporate-Management information page, printed from http://phx.corporate-ir.net/phoenix.zhtml?c=91209&p=irol-govManage (identifying the President of "Unitrin Direct" in Chicago, Illinois), attached to HQ's Opposition as Exhibit E and F, respectively.

8. As explained in more detail in HQ's Opposition, which is hereby incorporated by reference thereto, the appropriate course of action under such circumstances is to enter an order stating that the Complaint is amended to substitute the correct corporate name in all instances where the incorrect trade name was used, and further stating that the summons served upon "Unitrin Direct Auto Insurance" is amended, *nunc pro tunc*, to the date upon which it was issued to reflect the correct corporate name.

WHEREFORE, HyperQuest Inc. respectfully requests that this Honorable Court enter an order: (a) stating that HyperQuest's Complaint for Injunctive Relief and Damages is hereby amended to substitute the name "Unitrin Direct Insurance Company" in every instance where the Complaint currently states "Unitrin Direct Auto Insurance"; (b) stating that the Summons in a Civil Case addressed to "Unitrin Direct Auto Insurance" is hereby amended, *nunc pro tunc*, to the date upon which it was issued, to state that it is addressed to "Unitrin Direct Insurance Company" instead of "Unitrin Direct Auto Insurance"; and (c) granting such other and further relief as the Court deems just.

- 4 -

Dated:  April 28, 2008

                              Respectfully submitted,

                              **HYPERQUEST, INC.**


                              By: /s/ Deborah Rzasnicki Hogan
                                  One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000