# GOLDBERG KOHN

GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD

February 5, 2008

deborah.hogan@goldbergkohn.com
direct phone: 312.201.3973
direct fax: 312.863.7473

**VIA MESSENGER**

Mr. Scott Renwick
Senior Vice President, General Counsel and Secretary
Unitrin
One East Wacker Drive
Chicago, IL 60601

Re: **HyperQuest, Inc. v. N'Site Solutions, Inc. and Unitrin Direct Auto Insurance**
**Case No. 08 C 483**

Dear Mr. Renwick:

We represent HyperQuest, Inc. ("HQ") in connection with the above-referenced matter.

As you know, HQ filed a Complaint for Injunctive Relief and Damages (the "Complaint") on January 22, 2008, which was served upon Unitrin Direct Auto Insurance ("Unitrin") on January 23, 2008. Accordingly, a responsive pleading is due from Unitrin on February 12, 2008. Please be advised that HQ will not agree to any extension of time for Unitrin to answer or otherwise plead in response to the Complaint.

In addition, please contact us as soon as possible to let us know when Unitrin is available either this week or next week to meet and confer pursuant to Federal Rule of Civil Procedure 26(f).

Finally, please be advised that HQ intends to promptly seek discovery from Unitrin, including production of several categories of documents relevant to this litigation, or likely to lead to the discovery of admissible evidence, including but not limited to any and all documents, including electronic documents, storage media, e-mails, and back-up records, relating to the creation, development, marketing, sales, and revision of N'Site's "N'Solutions" and "ClaimHub" software, including any prior versions of that software, or any similar software developed by or on behalf of N'Site or its principals or employees.

Although Unitrin should already be on notice of its obligations to preserve the requested documents, we formally request that Unitrin refrain from destroying, concealing, or altering any documents and, as required by law, take affirmative steps to preserve any documents, whether in hard copy or electronic form, including any data generated by or stored on computers, personal information systems, and storage media (including without limitation hard disks, floppy disks, CD-ROMs, DVD-ROMs, and back-up tapes), or any other electronic data, including without limitation electronic mail, voice mail, personal information management data, and data created with the use of personal digital assistants ("PDAs"). Moreover, to the

GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD

February 5, 2008
Page 2

extent that the normal operation of Unitrin's document retention and destruction process would result in the inadvertent destruction of otherwise discoverable materials, that process must be suspended. Unitrin's failure to comply with this notice can result in sanctions being imposed by an appropriate court for spoliation of evidence or potential evidence.

As you may be aware, electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. This "meta-data" includes, but is not limited to, information regarding by whom and when the documents were created, edited, accessed, and printed. Therefore, in the event of litigation, even where a paper copy exists, we intend to seek discoverable documents in their electronic form along with information about those documents contained on electronic media. In addition, the documents that Unitrin must preserve include electronically stored data which may not be readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, that act alone does not typically eliminate the file from the device upon which it resides. Unless the file is overwritten with new data, all that is "deleted" is the operating system's reference to the file on the user interface. The file itself still exists, and is recoverable and discoverable. In order to avoid spoliation, Unitrin will be required to provide the data requested on the original media in its unaltered form.

The documents that Unitrin must preserve also include paper printouts of those documents that contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions, along with any paper documents for which no corresponding electronic files exist.

In order to assure that the obligation of Unitrin to preserve documents and things will be met, please forward a copy of this letter to all agents, persons, and entities with custodial responsibility for the items referred to in this letter.

If you have any questions, please do not hesitate to contact me. In addition, I look forward to hearing from you or outside counsel retained by Unitrin shortly regarding possible dates and times to meet and confer pursuant to Rule 26(f).

Sincerely,

Deborah Rzasnicki Hogan

DRH/bsm