UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 C 483 |
| | ) |
| N'SITE SOLUTIONS, INC., and UNITRIN | ) Honorable Milton I. Shadur |
| DIRECT AUTO INSURANCE | ) Magistrate Judge Michael T. Mason |
| | ) |
| Defendants. | ) JURY DEMAND |

### HYPERQUEST'S FIRST SET OF INTERROGATORIES TO N'SITE

Plaintiff HyperQuest, Inc., by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 33 and this Court's order of February 27, 2008, propounds the following interrogatories to N'Site Solutions, Inc., to be answered under oath within 10 days.

### DEFINITIONS AND INSTRUCTIONS

1. "N'Site" means N'Site Solutions, Inc. including any predecessors, successors, parent corporations, subsidiaries, and/or affiliates, as well as any of its representatives, partners, agents, employees, attorneys, consultants or any other persons or entities acting or purporting to act on its behalf.

2. "Quivox" means Quivox Systems Incorporated including any predecessors, successors, parent corporations, subsidiaries, and/or affiliates, as well as any of its representatives, partners, agents, employees, attorneys, consultants or any other persons or entities acting or purporting to act on its behalf.

3. "Quivox/N'Site Limited Use License" means the Software Application Services and Integration Agreement dated April 1, 2001 between Quivox and N'Site.

4. "eDoc software" means the application software developed by Quivox referred to in the Quivox/N'Site Limited Use License as the "Licensed Product."

5. "State the Basis" for an allegation, contention, position, or statement means to describe chronologically each and every fact, action, or occurrence that relates to the particular claim or contention. In describing each such fact, action, or occurrence, (a) identify each and every person, as defined herein, having knowledge of the fact, action, or occurrence, (b) identify each document and communication, as defined herein, that refers to the fact, action, or occurrence, and (c) identify the source from which the information set forth in the response was obtained, including the identity of all persons and documents which were consulted in preparing the response.

6. "Identify each and every person" means to state the full name of each person, his/her present or last known home and business address, telephone number, and current employer and job title or responsibilities.

7. "Person" means any natural person, corporation, partnership, association or other entity.

8. "Document," as used herein, includes, without limitation, and without regard to the form or manner of recording, any transcript, report, memorandum, record, letter, telegram, wire, overnight letter, pamphlet, brochure, book, minute, microfilm, instruction manual, telephone log, procedural guideline, microfiche, invoice, calendar, appointment book, note, computer printout, or other writing whether printed, handwritten, or otherwise, and whether an original, draft, or copy. "Document" also includes any and all files from any personal computer, note-book or laptop computer, file server, minicomputer, main-frame computer, or other storage device or medium, including but not limited to hard disk drives or backup or archival tapes (whether stored onsite or at an off-site storage facility). This definition encompasses all forms and manifestations of electronically stored and/or retrieved or retrievable electronic information, including but not limited

-2-

to e-mail. All responsive files which are still on the storage media, regardless of whether they are identified as "erased" or "erased but recoverable," are to be included.

9. "Communication" or "correspondence," as used herein, refers to any oral, written, electronic, or other transmittal of words, thoughts, ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone, or by any other means.

10. Whenever an interrogatory calls for the identification of a communication, the identification shall state:

    (a) the date of the communication (or best approximation thereof);

    (b) the persons involved in the communication;

    (c) the type or nature of the communication; and

    (d) a description of the substance of the communication.

11. "Relating to," as used herein, means reflecting, constituting, comprising, containing, setting forth, showing, disclosing, mentioning, describing, explaining, summarizing, pertaining to, concerning or referring to, directly or indirectly.

12. All objections or answers to interrogatories which fail or refuse to fully respond to any interrogatory on the ground of any claim of privilege of any kind whatsoever shall:

    (a) state the nature of the privilege;

    (b) state the facts relied upon in support of the claim of privilege;

    (c) identify all documents as to which the claim of privilege is asserted;

    (d) identify all persons having knowledge of any facts relating to the claim of privilege; and

    (e) identify all persons who have possession of the documents claimed to be privileged.

## INTERROGATORIES

1. Does N'Site contend that the Quivox/N'Site Limited Use License is currently in effect?

2. If N'Site's answer to interrogatory No. 1 was anything other than an unqualified "no," state the basis for that contention.

3. If N'Site's answer to interrogatory No. 1 was an unqualified "no," when does N'Site contend that the Quivox/N'Site Limited Use License ceased to be in effect?

4. Does N'Site acknowledge that the rights of Quivox under the Quivox/N'Site Limited Use License were assigned to Safelite in or about May 2003?

5. If N'Site's answer to interrogatory No. 4 was anything other than an unqualified "yes," state the basis for that contention.

6. Does N'Site contend that at any time between April 1, 2001 and the present N'Site had the right to distribute the eDoc software?

7. If N'Site's answer to interrogatory No. 6 was anything other than an unqualified "no," state the basis for that contention and state the period of time during which N'Site contends it had the right to distribute the eDoc software.

8. Does N'Site contend that at any time between April 1, 2001 and the present N'Site had the right to create derivative works based upon the eDoc software?

9. If N'Site's answer to interrogatory No. 8 was anything other than an unqualified "no," state the basis for that contention and state the period of time during which N'Site contends it had the right to create derivative works based upon the eDoc software.

10. Does N'Site contend that at any time between April 1, 2001 and the present N'Site had the right to sub-license N'Site's rights in the eDoc software?

11. If N'Site's answer to interrogatory No. 10 was anything other than an unqualified "no," state the basis for that contention and state the period of time during which N'Site contends it had the right to sub-license N'Site's rights in the eDoc software.

12. Identify all communications between N'Site and any third party in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present.

13. Identify all persons whom N'Site believes to have any information or knowledge, or claim to have the same, in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present, and summarize the information or knowledge N'Site believes such persons to have.

Dated: February 28, 2008

Respectfully submitted,

HYPERQUEST, INC.

By: _____
One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 28, 2008, she caused a copy of the attached **HYPERQUEST'S FIRST SET OF INTERROGATORIES TO N'SITE** to be served via facsimile upon:

        Paul R. Kitch
        Jodi Rosen Wine
        Elizabeth W. Baio
        Nixon Peabody LLP
        161 N. Clark St., 48th floor
        Chicago IL 60601
        (312) 425-3909 - fax

        Steven L. Tiedemann
        8820 Columbia 100 Parkway Suite 400
        Columbia Maryland 21045
        (410) 884-1457 - fax

        _____
        Deborah Rzasnicki Hogan