Ex "8"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 C 483 |
| | ) |
| N'SITE SOLUTIONS, INC., and UNITRIN | ) Honorable Milton I. Shadur |
| DIRECT AUTO INSURANCE | ) Magistrate Judge Michael T. Mason |
| | ) |
| Defendants. | ) JURY DEMAND |

## HYPERQUEST'S FIRST SET OF DOCUMENT REQUESTS TO N'SITE

Plaintiff, HyperQuest, Inc., by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 34 and this Court's order of February 27, 2008, propounds the following document requests upon Defendant N'Site Solutions, Inc., to be responded to within 10 days.

### DEFINITIONS AND INSTRUCTIONS

1.   "N'Site" means N'Site Solutions, Inc. including any predecessors, successors, parent corporations, subsidiaries, and/or affiliates, as well as any of its representatives, partners, agents, employees, attorneys, consultants or any other persons or entities acting or purporting to act on its behalf.

2.   "Quivox" means Quivox Systems Incorporated including any predecessors, successors, parent corporations, subsidiaries, and/or affiliates, as well as any of its representatives, partners, agents, employees, attorneys, consultants or any other persons or entities acting or purporting to act on its behalf.

3.   "Quivox/N'Site Limited Use License" means the Software Application Services and Integration Agreement dated April 1, 2001 between Quivox and N'Site.

4. "eDoc software" means the application software developed by Quivox referred to in the Quivox/N'Site Limited Use License as the "Licensed Product."

5. "Safelite" means Safelite Group Inc. including any predecessors, successors, parent corporations, subsidiaries, and/or affiliates, as well as any of its representatives, partners, agents, employees, attorneys, consultants or any other persons or entities acting or purporting to act on its behalf.

6. "Document," as used herein, includes, without limitation, and without regard to the form or manner of recording, any transcript, report, memorandum, record, letter, telegram, wire, overnight letter, pamphlet, brochure, book, minute, microfilm, instruction manual, telephone log, procedural guideline, microfiche, invoice, calendar, appointment book, note, computer printout, or other writing whether printed, handwritten, or otherwise, and whether an original, draft, or copy. "Document" also includes any and all files from any personal computer, note-book or laptop computer, file server, minicomputer, main-frame computer, or other storage device or medium, including but not limited to hard disk drives or backup or archival tapes (whether stored onsite or at an off-site storage facility). This definition encompasses all forms and manifestations of electronically stored and/or retrieved or retrievable electronic information, including but not limited to e-mail. All responsive files which are still on the storage media, regardless of whether they are identified as "erased" or "erased but recoverable," are to be included.

7. If any document called for by a request is no longer in existence, describe the document and state how, when, why, and by whom it was destroyed.

-2-

8.    "Communication" or "correspondence," as used herein, refers to any oral, written, electronic, or other transmittal of words, thoughts, ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone, or by any other means.

9.    "Relating to," as used herein, means reflecting, constituting, comprising, containing, setting forth, showing, disclosing, mentioning, describing, explaining, summarizing, pertaining to, concerning or referring to, directly or indirectly.

10.    This request calls for the production of documents in the possession, control, or custody of N'Site or its agents, attorneys, or other persons acting on its behalf.

11.    N'Site shall produce the original copy of each document requested herein, as well as any drafts, revisions, or copies of the same which bear any mark or notation not present on the original, or which otherwise differ from the original.

12.    If N'Site believes that any given document is responsive to more than one paragraph or subparagraph of the requests, N'Site shall produce such document only once in response to the first such request.

13.    All objections or answers to requests for production that fail or refuse to fully respond to any request on the ground of any claim of privilege of any kind whatsoever shall:

    (a)    state the nature of the privilege;

    (b)    state the facts relied upon in support of the claim of privilege;

    (c)    identify all documents as to which the claim of privilege is asserted;

    (d)    identify all persons having knowledge of any facts relating to the claim of privilege; and

    (e)    identify all persons who have possession of the documents claimed to be privileged.

-3-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 28, 2008, she

caused a copy of the attached **HYPERQUEST'S FIRST SET OF DOCUMENT REQUESTS**

**TO N'SITE** to be served via facsimile upon:

> Paul R. Kitch
> Jodi Rosen Wine
> Elizabeth W. Baio
> Nixon Peabody LLP
> 161 N. Clark St., 48th floor
> Chicago IL 60601
> (312) 425-3909 - fax
>
> Steven L. Tiedemann
> 8820 Columbia 100 Parkway Suite 400
> Columbia Maryland 21045
> (410) 884-1457 - fax

Deborah Rzasnicki Hogan

14.     Documents shall be produced at the offices of Goldberg Kohn, 55 East Monroe, Suite 3300, Chicago, Illinois 60603, or at such other place as the parties agree.

## REQUESTS

1.      All documents in any way reflecting communications between N'Site and Safelite in any way relating to the Quivox/N'Site Limited Use License or the eDoc software.

2.      All documents in any way reflecting communications between N'Site and Safelite in any way relating to any draft or proposed revised license terms between N'Site and Safelite.

3.      All documents in any way reflecting communications between N'Site and Quivox in any way relating to the Quivox/N'Site Limited Use License.

4.      All documents in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present.

Dated: February 28, 2008

Respectfully submitted,

HYPERQUEST, INC.

By: _____
        One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
    ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

-4-