## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 C 483 |
| | ) |
| N'SITE SOLUTIONS, INC., and UNITRIN | ) Honorable Milton I. Shadur |
| DIRECT AUTO INSURANCE | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF APPEAL

Notice is hereby given that Plaintiff-Appellant HyperQuest, Inc. hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Memorandum Order and Docket Entry entered in this action on May 1, 2008 (the "Order"). In appealing from the Order, HyperQuest appeals from the entire Order against it, including all interlocutory orders, judgments, decrees, decisions, rulings and opinions that the District Court made in this case, and that have merged into and become part of the Order, shaped the Order, are related to the Order, and upon which the Order is based.

Dated: May 20, 2008

**HYPERQUEST, INC.**

By: /s/ Deborah Rzasnicki Hogan
      One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 20, 2008, she caused a copy of the attached **NOTICE OF APPEAL** to be served via the Court's electronic notification system upon:

>Paul R. Kitch
>Jodi Rosen Wine
>Elizabeth W. Baio
>Nixon Peabody LLP
>161 N. Clark St., 48th floor
>Chicago, IL 60601
>
>Steven L. Tiedemann
>8820 Columbia 100 Parkway Suite 400
>Columbia, MD 21045

/s/ Deborah Rzasnicki Hogan

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 cv 483

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Hyperquest/appellant | | N"Site Solution/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Deborah R. Hogan | Name | Steven L. Tiedemann |
| Firm | Goldberg, Kohn, Bell,Black,Rosenbloom, | Firm | JPB Enterprises, Inc |
| Address | 55 E. Monroe Suite 3300 Chgo. Il. 60603 | Address | 8820 Columbia 100 Parkway Suite 400 Columbia, MD 21045 |
| Phone | 312)201-3973 | Phone | 410)884-1960 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Shadur | Date Filed in District Court | 1/22/08 |
| Court Reporter | J. Andrews   X-6899 | Date of Judgment | 5/1/08 |
| Nature of Suit Code | 820 | Date of Notice of Appeal | 5/20/08 |

COUNSEL:   Appointed [ ]   Retained [X]   Pro Se [ ]

FEE STATUS:   Paid [X]   Due [ ]   IFP [ ]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 483 |
| N'SITE SOLUTIONS, INC., et al., | ) ) ) |
| Defendants. | ) |

MEMORANDUM ORDER

After HyperQuest, Inc. ("HQ") brought this copyright infringement action against N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin," erroneously named "Unitrin Direct Auto Assurance" in HQ's Complaint), both defendants moved to dismiss the Complaint and this action for lack of subject matter jurisdiction.[1] HQ responded with a memorandum asserting--contrary to defendants' position--that it is an exclusive licensee, hence has standing to sue. This Court then requested further submissions addressing that issue, and all the parties have done so.

There is no dispute among the parties as to the legal principles implicated by the current motions:

    1. Under the Copyright Act,[2] only a party who is

---

[1] Unitrin also moved for its dismissal "on grounds of insufficient process," but under the circumstances there is no need to address that subject in this written order.

[2] Citations to that statute will take the form "Act §--," using the numbering in Title 17 of the United States Code rather than the statute's internal numbering.

"legal or beneficial owner of an exclusive right under a copyright" when the acts of asserted infringement of that right occur has standing to sue for infringement (Act §501(b)).

2. For that purpose a licensee is treated as having such ownership rights if it has been granted an exclusive license of "any one of the exclusive rights comprised in a copyright" (Act §101).

3. After a transfer of such an exclusive right, only the exclusive licensee can sue for infringement of that right--even the copyright owner lacks the necessary standing to enforce the transferred ownership rights (see e.g., Davis v. Blige, 505 F.3d 90, 101 (2nd Cir. 2007)).

4. But--something critical to the current motions--the holder of a nonexclusive license lacks the necessary standing to sue for copyright infringement (see, e.g., I.A.E., Inc. v. Shaver, 74 F.3d 768, 774-75 (7th Cir. 1996)).

It is against those yardsticks that the current jurisdictional motions must be measured.

To that end Unitrin's Reply addressed fully every aspect of HQ's attempt to characterize itself as an exclusive licensee--even as to certain rights, rather than to the totality of the copyright--and it completely scotched HQ's position.

2

Because the Reply has covered the waterfront so thoroughly and persuasively, this Court finds it unnecessary to reiterate the analysis there piece by piece--instead it simply adopts Unitrin's presentation as proffered in the Reply.

Thus the Reply confirms that Safelite Group, Inc. ("Safelite"), HQ's licensor, retained rights to reproduce, to prepare derivative works based upon, and to distribute the eDoc software (Reply 4-5), that N'Site also has such rights (Reply 5-7) and that HQ does not have an exclusive right to distribute the software because Safelite had placed restrictions on its ability to do so (Reply 7-8). And as if that were not enough (and it is), the license agreement through which HQ advances its claims contained a provision under which Safelite retained its ownership rights (Reply 8-9).

After Unitrin filed that compelling Reply, HQ was granted leave to file a supplemental memorandum in opposition to the motions to dismiss, and both N'Site and Unitrin have now tendered final submissions that have honored this Court's admonition not to plow the same legal field over again. Those submissions have successfully rejected the additional arguments advanced in HQ's supplemental filing just as effectively as Unitrin's Reply had torpedoed HQ's original response, and once again this Court sees no need to reproduce those added arguments here. Instead it

simply refers to and adopts them.[3]

Because HQ is hence **not** an exclusive licensee of any of the rights that it now claims, it is without standing to bring the current action. Accordingly both the Complaint and this action are dismissed for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 1, 2008

---

[3] Among other matters, HQ's attempt to bring into play some doctrines from patent jurisprudence lacks force for more than one reason (see Unitrin's current Mem. 4), and its effort to alter the plain language of Safelite's license to HQ via the declaration by HQ's President Jeffrey Hogan cannot stave off the inevitable -- in that respect it will be remembered that an exclusive copyright license must be in writing (see, e.g., I.A.E., 74 F.3d at 774-75), so that Hogan's asserted mindset, which was not embodied in the written license itself, has no impact on the issue at hand.

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
Eastern Division

Hyperquest, Inc.
                              Plaintiff,

v.                                                 Case No.: 1:08−cv−00483
                                                       Honorable Milton I. Shadur

N'Site Solutions, Inc., et al.
                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 1, 2008:

       MINUTE entry before Judge Honorable Milton I. Shadur:Plaintiff's Motion to amend corporate name [41] is granted. Motion to dismiss for lack of jurisdiction [19] is granted. Enter Memorandum Order. Both the Complaint and this action are dismissed for lack of subject matter jurisdiction. Motion hearing held on 5/1/2008. ; Civil case terminated. Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

AO279, APPEAL, MASON, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00483
### Internal Use Only

| | |
|---|---|
| Hyperquest, Inc. v. N'Site Solutions, Inc. et al | Date Filed: 01/22/2008 |
| Assigned to: Honorable Milton I. Shadur | Date Terminated: 05/01/2008 |
| Cause: 17:101 Copyright Infringement | Jury Demand: Plaintiff |
| | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Hyperquest, Inc.** represented by **Deborah R. Hogan**
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street
Suite 3300
Chicago, IL 60603
(312) 201-3973
Email: deborah.hogan@goldbergkohn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chad A Blumenfield**
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street
Suite 3300
Chicago, IL 60603
(312) 863-7137
Email: chad.blumenfield@goldbergkohn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**N'Site Solutions, Inc.** represented by **Steven Lee Tiedemann**
JPB Enterprises, Inc.
8820 columbia 100 Parkway
Suite 400
Columbia, MD 21045
410 884 1960
Email: sltiedemann@jpbe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unitrin Direct Auto Insurance**

**Defendant**

| | |
|---|---|
| **Unitrin Direct Insurance Company** | represented by **Paul Richard Kitch**<br>Nixon Peabody LLP<br>161 North Clark Street<br>48th Floor<br>Chicago, IL 60601-3213<br>(312) 425-3900<br>Email: pkitch@nixonpeabody.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Elizabeth W Baio**<br>Nixon Peabody LLP<br>161 N. Clark Street<br>Suite 4800<br>Chicago, IL 60601<br>312-425-8684<br>Email: ebaio@nixonpeabody.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Jodi Rosen Wine**<br>Nixon Peabody LLP<br>161 North Clark Street<br>48th Floor<br>Chicago, IL 60601-3213<br>(312) 425-3900<br>Email: jwine@nixonpeabody.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/22/2008 | 1 | COMPLAINT filed by Hyperquest, Inc.; Jury Demand (Exhibits). Filing fee $ 350. (td, ) (Entered: 01/24/2008) |
| 01/22/2008 | 2 | CIVIL Cover Sheet. (td, ) (Entered: 01/24/2008) |
| 01/22/2008 | 3 | ATTORNEY Appearance for Plaintiff Hyperquest, Inc. by Chad A Blumenfield. (td, ) (Entered: 01/24/2008) |
| 01/22/2008 | 4 | ATTORNEY Appearance for Plaintiff Hyperquest, Inc. by Deborah R. Hogan. (td, ) (Entered: 01/24/2008) |
| 01/22/2008 | 5 | LOCAL Rule 3.2 Disclosure Statement by Hyperquest, Inc. (td, ) (Entered: 01/24/2008) |
| 01/22/2008 | 6 | (Court only) RECEIPT regarding payment of filing fee paid on 1/22/2008 in the amount of $350.00, receipt number 2481651. (td, ) (Entered: |

| | | |
|---|---|---|
| | | 01/24/2008) |
| 01/23/2008 | 7 | SUMMONS Issued as to Defendant N'Site Solutions, Inc. (td, ) (Entered: 01/24/2008) |
| 01/24/2008 | | MAILED copyright request letter to Plaintiff's counsel. (td, ) (Entered: 01/24/2008) |
| 01/29/2008 | 8 | SUMMONS Returned Executed by Hyperquest, Inc. as to Unitrin Direct Auto Insurance on 1/23/2008, answer due 2/12/2008. (Hogan, Deborah) (Entered: 01/29/2008) |
| 01/30/2008 | 9 | SUMMONS Returned Executed by Hyperquest, Inc. as to N'Site Solutions, Inc. on 1/24/2008, answer due 2/13/2008. (Hogan, Deborah) (Entered: 01/30/2008) |
| 02/01/2008 | 10 | MINUTE entry before Judge Milton I. Shadur :Status hearing reset for 3/11/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/01/2008) |
| 02/12/2008 | 11 | ATTORNEY Appearance *Paul R. Kitch for Unitrin Direct Insurance Company* (Kitch, Paul) (Entered: 02/12/2008) |
| 02/12/2008 | 12 | ATTORNEY Appearance for Defendant Unitrin Direct Insurance Company by Jodi Rosen Wine *and Certificate of Service* (Wine, Jodi) (Entered: 02/12/2008) |
| 02/12/2008 | 13 | Statement as to Affiliates STATEMENT by Unitrin Direct Insurance Company *and Certificate of Service* (Kitch, Paul) (Entered: 02/12/2008) |
| 02/12/2008 | 14 | MOTION by Defendant Unitrin Direct Insurance Company to dismiss *for Insufficient Process and Certificate of Service* (Kitch, Paul) (Entered: 02/12/2008) |
| 02/12/2008 | 15 | *Certificate of Service and* NOTICE of Motion by Paul Richard Kitch for presentment of motion to dismiss 14 before Honorable Milton I. Shadur on 2/15/2008 at 09:15 AM. (Kitch, Paul) (Entered: 02/12/2008) |
| 02/12/2008 | 22 | ATTORNEY Appearance for Defendant Unitrin Direct Insurance Company by Elizabeth W Balo. (td, ) (Entered: 02/14/2008) |
| 02/13/2008 | 16 | MOTION by Defendants Unitrin Direct Insurance Company, N'Site Solutions, Inc. to stay *Discovery Pending Ruling on Defendants' 12(b)(1) Motion to Dismiss* (Kitch, Paul) (Entered: 02/13/2008) |
| 02/13/2008 | 17 | MEMORANDUM by Unitrin Direct Insurance Company, N'Site Solutions, Inc. in support of motion to stay 16 *Discovery Pending Ruling on Defendants' 12(b)(1) Motion to Dismiss* (Kitch, Paul) (Entered: 02/13/2008) |
| 02/13/2008 | 18 | *Certificate of Service and* NOTICE of Motion by Paul Richard Kitch for presentment of motion to stay 16 before Honorable Milton I. Shadur on 2/15/2008 at 09:15 AM. (Kitch, Paul) (Entered: 02/13/2008) |
| 02/13/2008 | 19 | MOTION by Defendants Unitrin Direct Insurance Company, N'Site Solutions, Inc. to dismiss for lack of jurisdiction *Regarding Subject* |

| | | |
|---|---|---|
| | | *Matter and Hearing Request* (Kitch, Paul) (Entered: 02/13/2008) |
| 02/13/2008 | 20 | MEMORANDUM by Unitrin Direct Insurance Company, N'Site Solutions, Inc. in support of motion to dismiss/lack of jurisdiction 19 *Regarding Subject Matter and Hearing Request* (Attachments: # 1 Exhibit 1)(Kitch, Paul) (Entered: 02/13/2008) |
| 02/13/2008 | 21 | *Certificate of Service and* NOTICE of Motion by Paul Richard Kitch for presentment of motion to dismiss/lack of jurisdiction 19 before Honorable Milton I. Shadur on 2/15/2008 at 09:15 AM. (Kitch, Paul) (Entered: 02/13/2008) |
| 02/15/2008 | 23 | MINUTE entry before Judge Milton I. Shadur :Motion to dismiss 14 is taken under advisement; Motion to stay 16 is taken under advisement; Motion to dismiss for lack of jurisdiction 19 is entered and continued to 2/27/08. Response is due on or before February 21, 2008. Motion hearing held on 2/15/2008 regarding motion to stay 16 , motion to dismiss 14 , motion to dismiss/lack of jurisdiction 19 Status hearing set for 2/27/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/15/2008) |
| 02/21/2008 | 24 | RESPONSE by Hyperquest, Inc.in Opposition to MOTION by Defendants Unitrin Direct Insurance Company, N'Site Solutions, Inc. to dismiss for lack of jurisdiction *Regarding Subject Matter and Hearing Request* 19 (Attachments: # 1 Exhibit A)(Hogan, Deborah) (Entered: 02/21/2008) |
| 02/25/2008 | 25 | MOTION by Defendant N'Site Solutions, Inc. for leave to appear as General Appearance for Defendant N'Site (Tiedemann, Steven) (Entered: 02/25/2008) |
| 02/25/2008 | 26 | REPLY by N'Site Solutions, Inc. to response in opposition to motion, 24 (Attachments: # 1 Exhibit A - NSite/Quivox Agreement)(Tiedemann, Steven) (Entered: 02/25/2008) |
| 02/27/2008 | 27 | MINUTE entry before Judge Milton I. Shadur :Status hearing held on 2/27/2008. Unitrin's filing is due on or before March 7, 2008. The March 11, 2008 status hearing is vacated.Status hearing set for 3/31/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 02/27/2008) |
| 03/06/2008 | 28 | MOTION by Defendant Unitrin Direct Insurance Company for extension of time to file response/reply *in Support of Motion to Dismiss For Lack of Subject Matter Jurisdiction* (Kitch, Paul) (Entered: 03/06/2008) |
| 03/06/2008 | 29 | *Certificate of Service and* NOTICE of Motion by Paul Richard Kitch for presentment of motion for extension of time to file response/reply 28 before Honorable Milton I. Shadur on 3/10/2008 at 09:15 AM. (Kitch, Paul) (Entered: 03/06/2008) |
| 03/10/2008 | 30 | MINUTE entry before Judge Milton I. Shadur :Defendant Unitrin Direct Insurance Company motion for extension to time to March 14 2008 to file a reply to its motion to dismiss for lack of subject matter jurisdiction is granted Mailed notice (srn, ) Modified on 3/10/2008 (srn, ). (Entered: 03/10/2008) |
| | | |

| | | |
|---|---|---|
| 03/14/2008 | 31 | RESPONSE by Unitrin Direct Insurance Companyin Support of MOTION by Defendants Unitrin Direct Insurance Company, N'Site Solutions, Inc. to dismiss for lack of jurisdiction *Regarding Subject Matter and Hearing Request* 19 *and Certificate of Service* (Kitch, Paul) (Entered: 03/14/2008) |
| 03/18/2008 | | (Court only) ***Motions terminated: MOTION by Defendant N'Site Solutions, Inc. for leave to appear as General Appearance for Defendant N'Site 25 (jmp, ) (Entered: 03/18/2008) |
| 03/21/2008 | 32 | MOTION by Plaintiff Hyperquest, Inc. for extension of time *regarding the Four Week Discovery Period* (Hogan, Deborah) (Entered: 03/21/2008) |
| 03/21/2008 | 33 | NOTICE of Motion by Deborah R. Hogan for presentment of extension of time 32 before Honorable Milton I. Shadur on 3/25/2008 at 09:15 AM. (Hogan, Deborah) (Entered: 03/21/2008) |
| 03/24/2008 | 34 | MINUTE entry before Judge Honorable Milton I. Shadur:Motion for extension of time to complete discover to and including April 9, 2008 32 is granted. Status hearing reset for 4/14/2008 at 09:00 AM.Mailed notice (srn, ) (Entered: 03/24/2008) |
| 04/10/2008 | 35 | MOTION by Plaintiff Hyperquest, Inc. for leave to file *Supplemental Memorandum* (Attachments: # 1 Exhibit A-B)(Hogan, Deborah) (Entered: 04/10/2008) |
| 04/10/2008 | 36 | NOTICE of Motion by Deborah R. Hogan for presentment of motion for leave to file 35 before Honorable Milton I. Shadur on 4/14/2008 at 09:00 AM. (Hogan, Deborah) (Entered: 04/10/2008) |
| 04/14/2008 | 37 | MINUTE entry before Judge Honorable Milton I. Shadur:Plaintiff's Motion for leave to file supplemental memorandum 35 is granted. Defendant's reply is due on or before April 28, 2008. This Court will rule by mail. Status hearing held on 4/14/2008.Mailed notice (srn, ) (Entered: 04/14/2008) |
| 04/28/2008 | 38 | REPLY by Defendant N'Site Solutions, Inc. to notice of motion 36 *Reply to Hyperquest's Supp. Motion* (Attachments: # 1 Exhibit Safelite HQ License Agreement)(Tiedemann, Steven) (Entered: 04/28/2008) |
| 04/28/2008 | 39 | REPLY by Unknown Unitrin Direct Insurance Company to notice of motion 36 *Hyperquest's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Certificate of Service* (Kitch, Paul) (Entered: 04/28/2008) |
| 04/28/2008 | 40 | RESPONSE by Hyperquest, Inc.in Opposition to MOTION by Defendant Unitrin Direct Insurance Company to dismiss *for Insufficient Process and Certificate of Service* 14 (Attachments: # 1 Exhibit A - F)(Hogan, Deborah) (Entered: 04/28/2008) |
| 04/28/2008 | 41 | MOTION by Plaintiff Hyperquest, Inc. to Amend to Correct Corporate Name of Untrin Direct (Hogan, Deborah) (Entered: 04/28/2008) |
| | | |

| | | |
|---|---|---|
| 04/28/2008 | 42 | NOTICE of Motion by Deborah R. Hogan for presentment of motion for miscellaneous relief 41 before Honorable Milton I. Shadur on 5/1/2008 at 09:15 AM. (Hogan, Deborah) (Entered: 04/28/2008) |
| 05/01/2008 | 43 | MINUTE entry before Judge Honorable Milton I. Shadur:Plaintiff's Motion to amend corporate name 41 is granted. Motion to dismiss for lack of jurisdiction 19 is granted. Enter Memorandum Order. Both the Complaint and this action are dismissed for lack of subject matter jurisdiction. Motion hearing held on 5/1/2008. ; Civil case terminated. Mailed notice (srn, ) (Entered: 05/01/2008) |
| 05/01/2008 | 44 | MEMORANDUM Order Signed by Judge Honorable Milton I. Shadur on 5/1/2008:Mailed notice(srn, ) (Entered: 05/01/2008) |
| 05/01/2008 | | (Court only) ***Motions terminated: MOTION by Defendant Unitrin Direct Insurance Company to dismiss *for Insufficient Process and Certificate of Service* 14 , MOTION by Defendants Unitrin Direct Insurance Company, N'Site Solutions, Inc. to stay *Discovery Pending Ruling on Defendants' 12(b)(1) Motion to Dismiss* 16 (srn, ) (Entered: 05/02/2008) |
| 05/14/2008 | 45 | MOTION by Defendant N'Site Solutions, Inc. for attorney fees *pursuant to 17 U.S.C. §505* (Attachments: # 1 Exhibit Memorandum incorporated in Motion, # 2 Exhibit No 1 - Indemnification Letter, # 3 Exhibit No. 2 - Hogan Web Page, # 4 Exhibit No. 3 - Portions of Complaint, # 5 Exhibit No. 4 - Tiedemann Affidavit & Bill, # 6 Exhibit No. 5 - Kitch Affidavit & Bills, # 7 Exhibit No 6 - Hogan Letter, # 8 Exhibit No. 7 - Hyperquest Interrogatories, # 9 Exhibit No. 8 - Hyperquest Req for Prod, # 10 Exhibit No. 9 - Tiedemann Expenses, # 11 Exhibit No. 10 - Bertin Bills, # 12 Exhibit No. 11 - Market Reports, # 13 Notice of Filing Notice of Filing of Motion)(Tiedemann, Steven) (Entered: 05/14/2008) |
| 05/15/2008 | 46 | NOTICE of Motion by Steven Lee Tiedemann for presentment of motion for attorney fees,, 45 before Honorable Milton I. Shadur on 5/21/2008 at 09:15 AM. (Tiedemann, Steven) (Entered: 05/15/2008) |
| 05/20/2008 | 47 | NOTICE of appeal by Hyperquest, Inc. regarding orders 44 , 43 Filing fee $ 455, receipt number 07520000000002793078. (Hogan, Deborah) (Entered: 05/20/2008) |
| 05/21/2008 | 48 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 05/21/2008) |