UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 0483 |
| ) | |
| N'SITE SOLUTIONS, INC. and UNITRIN ) | Judge Milton I. Shadur |
| DIRECT AUTO INSURANCE, ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendants. ) | |

**HYPERQUEST'S OPPOSITION TO N'SITE'S MOTION FOR ATTORNEY'S FEES**

Plaintiff HyperQuest, Inc. ("HQ") hereby files this Opposition to N'Site Solutions, Inc.'s ("N'Site") Motion for 17 U.S.C.A. § 505 Attorney's Fees ("N'Site's Motion") and the Memorandum in Support of Motion for 17 U.S.C.A. § 505 Attorney's Fees ("N'Site's Memorandum").  In accordance with the Court's May 21, 2008 Order, this Opposition only addresses the question of whether N'Site is entitled to recover attorneys' fees, and not whether the amount of attorneys' fees sought by N'Site is reasonable.

**I.     INTRODUCTION**

N'Site's Motion must be denied because it is based on a false premise – that N'Site is a "prevailing party" under 17 U.S.C. § 505.  Long-standing federal case law, including binding precedent from the Supreme Court, holds that a party such as N'Site, which achieves dismissal based on a lack of subject matter jurisdiction, is *not* a prevailing party under a federal fee-shifting statute.  Furthermore, the fact that this Court dismissed HQ's claims for lack of subject matter jurisdiction means that this Court lacks jurisdiction to award attorneys' fees to N'Site, because 17 U.S.C. § 505 does not itself confer subject matter

jurisdiction. Therefore, N'Site is not entitled to an award of attorneys' fees under 17 U.S.C. § 505.

Moreover, even if this Court were to find that N'Site was a prevailing party under 17 U.S.C. § 505, and that this Court had jurisdiction to make an award of attorneys' fees, the Supreme Court's guidance in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), and Seventh Circuit precedent following Fogerty, dictate against awarding attorneys' fees under these circumstances. The decision to award attorneys' fees under 17 U.S.C. § 505 rests firmly in the Court's discretion, and the factors set forth in Fogerty that guide that discretion weigh heavily against awarding attorneys' fees to N'Site.

**II.  N'SITE IS NOT A PREVAILING PARTY UNDER 17 U.S.C. § 505, AND THEREFORE CANNOT RECOVER ITS ATTORNEYS' FEES**

17 U.S.C. § 505 states that a court, in its discretion, may award reasonable attorneys' fees "to the prevailing party." 17 U.S.C. § 505. N'Site, however, is *not* a prevailing party under 17 U.S.C. § 505. HQ's Complaint for Injunctive Relief and Damages ("Complaint") was dismissed for lack of subject matter jurisdiction, and the Court made no ruling on HQ's claims of infringement. Memorandum Order dated May 1, 2008. It is well settled that a defendant who succeeds on a motion to dismiss for lack of subject matter jurisdiction is not a prevailing party under 17 U.S.C. § 505, because there has been no judgment on the merits. Torres-Negrón v. J&N Records, LLC, 504 F.3d 151, 164-65 (1st Cir. 2007) (when district court dismisses case for lack of subject matter jurisdiction, defendant "has not prevailed on the merits of the copyright infringement allegations and is not entitled to a fee award under [17 U.S.C. § 505]"), citing Wages v. IRS, 915 F.2d 1230, 1234 (9th Cir. 1990) (dismissal based upon lack of subject matter jurisdiction is not

judgment on the merits), and GHK Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1392 (10th Cir. 1988) (because "court-ordered dismissal for lack of subject matter jurisdiction is … not a decision on the merits of a plaintiff's action," defendant is not a prevailing party); see also Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990) (citations omitted) ("Where a complaint has been dismissed for lack of subject matter jurisdiction, the '[d]efendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation,'" and therefore defendant is not entitled to attorneys' fees under 42 U.S.C. § 1988); NLFC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751, 756 (N.D. Ill. 1996) ("A 'prevailing party' is considered one who succeeds on a significant issue in the litigation after an adjudication on the merits"); Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., 782 F. Supp. 1314, 1318 (E.D. Wis. 1991) (defendant is not a prevailing party under 17 U.S.C. § 505 when case is dismissed for improper venue) rev'd in part and vacated in part on other grounds, 8 F.3d 441 (7th Cir. 1993); National Conference of Bar Examiners v. Multistate Legal Studies, Inc., 692 F.2d 478, 488-89 (7th Cir. 1982) (defendant not a prevailing party since court was "never required to make a finding on the issue of infringement of the copyright"); Branson v. Nott, 62 F.3d 287, 293 (9th Cir. 1995) (where "dismissal is mandated by a lack of subject matter jurisdiction, a defendant is not a 'prevailing' party within the meaning of [28 U.S.C.] § 1988").

Indeed, the Supreme Court and the Seventh Circuit have held that a party cannot be considered a prevailing party when it does not receive a judgment on the merits of at least some claims. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-05 (2001), citing Hanrahan v. Hampton, 446 U.S. 754, 758 (1980); Dupuy v. Samuels, 423 F.3d 714, 719 (7th Cir. 2005); King v. Ill. State Bd. of

Elections, 410 F.3d 404, 413 (7th Cir. 2005). N'Site did not receive a judgment on the merits of any claims, and therefore is not a prevailing party. The Seventh Circuit's decision in Riviera Distribs. v. Jones, 517 F.3d 926 (7th Cir. 2008), which addressed the definition of a prevailing party under 17 U.S.C. § 505, does not alter the conclusion that N'Site cannot be considered a prevailing party under 17 U.S.C. § 505. In Riviera, the plaintiff voluntarily moved to have its case dismissed without prejudice after more than a year of litigation, once it concluded that it lacked the evidence to prove its claim. The district court agreed to dismiss the case, but with prejudice. Id. at 927. The district court then denied the defendant's motion for attorneys' fees, ruling that the defendant was not the prevailing party. The Seventh Circuit reversed, holding that the defendant "obtained a favorable judgment" from the dismissal with prejudice, and therefore was the prevailing party. Id. at 928.

What happened in Riviera is not what happened in this case. Dismissal for lack of subject matter jurisdiction at the outset of litigation is wholly different from a plaintiff "throwing in the towel" after protracted litigation, followed by the court's determination that the dismissal should be with prejudice. Mostly Memories, Inc. v. For Your Ease Only, Inc., 2008 WL 2168642 at *5 (7th Cir. May 27, 2008) ("dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under [17 U.S.C.] § 505," which "is no less true when a case is dismissed because the plaintiff 'threw in the towel' – that is, where the dismissal is on the plaintiff's own motion") (citations omitted). Significantly, dismissal for lack of subject matter jurisdiction is dismissal *without prejudice*. Hill v. Potter, 352 F.3d 1142, 1146 (7th Cir. 2003) ("Dismissals for want of subject-matter jurisdiction are always denominated without prejudice, because they signify that the court did not have the power to decide the case on the merits"); T.W. by

Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997) ("when a suit is dismissed for want of subject-matter jurisdiction … it is error to make the dismissal with prejudice").  When its claims were dismissed with prejudice, the defendant in Riviera received the equivalent of a decision on the merits – while this Court has only determined that it lacks jurisdiction to decide HQ's claims.  Because this Court's dismissal of HQ's Complaint is unrelated to the merits of HQ's copyright infringement allegations, N'Site cannot be a prevailing party under 17 U.S.C. § 505.  Torres-Negrón, 504 F.3d at 164-65.

Assessment Technologies of WI, LLC v. WIREData, Inc., 361 F.3d 434 (7th Cir. 2004), and Woodhaven Homes & Realty, Inc. v. Hotz, 396 F.2d 822 (7th Cir. 2005), upon which N'Site heavily relies, are inapposite.  In both Assessment Technologies and Woodhaven, the district court fully decided the issue of copyright infringement on the merits – after trial and summary judgment, respectively.  Accordingly, in both cases the defendant was determined to be the prevailing party after an adjudication on the merits.  This is nothing like the present case, where HQ's Complaint was dismissed for lack of subject matter jurisdiction.  Thus, Assessment Technologies and Woodhaven are not instructive here, because N'Site is not a prevailing party.  N'Site's Motion should be denied.

### III. BECAUSE THE COURT DISMISSED THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, THE COURT LACKS JURISDICTION TO AWARD ATTORNEYS' FEES UNDER 17 U.S.C. § 505

When a district court lacks subject matter jurisdiction to proceed with a substantive claim, it also lacks authority to award attorneys' fees.  Branson, 62 F.3d at 292-93 (holding that where district court lacks subject matter jurisdiction in the first instance, it also lacks power to award attorneys' fees (under analogous civil rights statutes)); W.G. ex rel. D.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) (holding that district court's denial of

attorney fee petition, after dismissal of complaint for lack of subject matter jurisdiction, "was compelled by time-honored principles expressing the limitations of subject matter jurisdiction in federal courts"); Keene, 908 F.2d at 298 (lack of subject matter jurisdiction bars award of attorneys' fees (under analogous civil rights statutes)).  This Court's decision that it lacked subject matter jurisdiction to decide HQ's copyright allegations under the Copyright Act means that this Court cannot award attorneys' fees under 17 U.S.C. § 505.  17 U.S.C. § 505 does not itself confer subject matter jurisdiction.  Chambers v. Time Warner, Inc., 2003 WL 1107790 at *2 (S.D.N.Y. Mar. 12, 2003) (in case decided under 17 U.S.C. § 505, stating that "where a court lacks jurisdiction over a particular claim, it also lacks jurisdiction to award attorneys' fees after such a claim is dismissed for lack of jurisdiction") (citing Senatore, 18 F.3d at 64).  Accordingly, this Court lacks jurisdiction to award attorneys' fees to N'Site under 17 U.S.C. § 505.

IV.  **EVEN IF N'SITE WERE A PREVAILING PARTY UNDER 17 U.S.C. § 505, N'SITE IS NOT ENTITLED TO RECOVER ITS ATTORNEYS' FEES UNDER *FOGERTY* AND SEVENTH CIRCUIT PRECEDENT**

    A.  **An Award of Attorneys' Fees Under 17 U.S.C. § 505 is Not Mandatory, and Rests Firmly in This Court's Discretion**

In Fogerty, the Supreme Court held that an award of attorneys' fees to prevailing parties under 17 U.S.C. § 505 is not mandatory, and should only be made as a matter of the court's discretion.  Fogerty, 510 U.S. at 534.  N'Site does not dispute that this Court must apply its discretion in deciding whether to award attorneys' fees.  N'Site's Memorandum at 3.  Fogerty further held that the court's discretion is to be guided by certain considerations:  "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have

identified.'" Id., citing Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983). These considerations are the "nonexclusive factors" that courts examine when deciding the propriety of awarding attorneys' fees to a prevailing party: frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. Fogerty, 510 U.S. at 534, fn. 19, citing Lieb v. Topstone Indus., 788 F.2d 151, 156 (3d Cir. 1986).

The Seventh Circuit has since endorsed application of the "Fogerty factors" to guide the court's discretion. FASA Corp. v. Playmates Toys, 108 F.3d 140, 143 (7th Cir. 1997) (Fogerty factors "could be used to guide the court's discretion," and directing district court to consider Fogerty factors on remand); see also FASA Corp. v. Playmates Toys, 1 F. Supp. 2d 859, 862 (N.D. Ill. 1998) (using Fogerty factors to deny defendant's request for award of attorneys' fees, and stating that the factors "have been expressly endorsed in this Circuit"). To the extent that the cases cited by N'Site – Assessment Technologies and Woodhaven – even apply here (because N'Site is not a prevailing party), HQ overcomes the rebuttable "presumption" of an award of attorneys' fees by demonstrating that the Fogerty factors militate against such an award. Traicoff v. Digital Media, Inc., 2007 WL 2286133 at *3 (S.D. Ind. Aug. 7, 2007) (plaintiff has overcome presumption in favor of award of attorneys' fees to defendant because "Plaintiff had a reasonable basis for advancing his claim where the issue would be one of first impression for the Seventh Circuit and a Ninth Circuit decision stood for his proposition"); see also Bryant v. Gordon, 503 F. Supp. 2d 1062, 1067 (N.D. Ill. 2007) (denying award of attorneys' fees based on balancing of factors); Janky v. Lake County Convention & Visitors Bureau, 2007 WL 2413021 at *5-9 (N.D. Ind. Aug. 20,

2007) (same). A brief examination of each of these factors demonstrates that an award of attorneys' fees to N'Site is absolutely not warranted here.

    **B.**    **<u>Fogerty</u> Directs Courts to Consider Several Nonexclusive Factors in Exercising Their Discretion, and Every Factor Dictates Against an Award of Attorneys' Fees**

        **1.**    **HQ's Complaint is Not Frivolous**

A complaint is frivolous if it has no reasonable basis in either fact or law. <u>Roger Whitmore's Auto. Servs. v. Lake County, Ill.</u>, 424 F.3d 659, 675 (7th Cir. 2005) ("We have defined a suit as frivolous 'if it has no reasonable basis, whether in fact or in law'"), citing <u>Tarkowski v. County of Lake</u>, 775 F.2d 173, 176 (7th Cir. 1985); <u>Khan v. Gallitano</u>, 180 F.3d 829, 837 (7th Cir. 1999) (claim was not frivolous "because, although it was meritless, it was a good faith argument for an extension of existing law"). HQ's Complaint is not frivolous, nor does N'Site argue that it is. HQ's allegations that N'Site and Unitrin infringed HQ's exclusive rights in the eDoc software have a reasonable basis in fact and in law, as presented in HQ's Complaint. Moreover, HQ's claim that this Court has subject matter jurisdiction for HQ to proceed with its Complaint has a reasonable basis in fact and in law, as presented in HQ's briefing in response to the motion to dismiss. This Court's decision on the motion to dismiss was a close one, and this Court never made a finding that HQ's allegations were frivolous. HQ has appealed the dismissal, and strongly believes that the case will proceed on the merits after remand by the Seventh Circuit. Therefore, there can be no argument that HQ's Complaint is frivolous, and for this reason N'Site is not entitled to attorneys' fees under 17 U.S.C. § 505.

### 2. HQ's Motivation, the Protection of Its Statutory Rights Under the Copyright Act, Was Proper

N'Site does not even attempt to argue that HQ's motivation for filing this action was anything other than a desire to stop N'Site's and Unitrin's infringing conduct. N'Site does, however, make a number of speculative insinuations about HQ's motivation for certain actions related to the litigation, none of which has any merit or support.

For example, N'Site suggests that HQ's motivation for choosing to file here in the Northern District of Illinois was somehow improper. Any such claim is baseless. HQ is located in the Northern District of Illinois. It is eminently reasonable for a plaintiff to seek to file a lawsuit in its own state of domicile. N'Site's insupportable allegation that HQ only named Unitrin as a defendant as a means of bringing the lawsuit in Illinois is absurd. As alleged in the Complaint, Unitrin purchased the source code for N'Site's infringing software, and Unitrin has since copied, modified, distributed, and used the software. Complaint at ¶¶ 29, 34. HQ named Unitrin as a defendant because Unitrin is infringing HQ's exclusive rights. HQ is entitled to seek redress under the Copyright Act against any party infringing its exclusive rights – including Unitrin, which as N'Site acknowledges is a sizable enterprise with over 6 million policy holders and over $9 billion in assets. N'Site Memorandum at 7.

Furthermore, N'Site's allegations that HQ only filed in Illinois in order to use the services of Ms. Hogan are insupportable. Ms. Hogan could have been admitted *pro hac vice* in any federal court in the nation, and therefore could have represented HQ regardless of where the lawsuit was filed. Again, it is obvious that HQ filed in the Northern District of Illinois because that is where HQ and defendant Unitrin are headquartered.

By way of further example, N'Site suggests that HQ's failure to cite to Paragraph 2(b) of the Software License Agreement between HQ and Safelite Group, Inc. ("Safelite") was somehow a purposeful attempt to be deceptive about the scope of HQ's rights.  There is no basis for such an accusation.  First, HQ attached a full and complete copy of the Software License Agreement as an exhibit to the Complaint.  Second, HQ has filed multiple briefs explaining its view that it is an exclusive licensee with standing to sue both N'Site and Unitrin.  It cannot seriously be claimed that HQ believes Paragraph 2(b) of the Software License Agreement deprives HQ of standing to bring this action and, therefore, HQ attempted to purposefully hide the language of that paragraph from the Court.  HQ's only motivation in this litigation is, and has always been, to enforce its statutory rights as an exclusive licensee under the Copyright Act.

### 3. HQ's Prosecution of This Case Has Not Been "Objectively Unreasonable"

If HQ had no chance of success, it would have been objectively unreasonable for HQ to pursue its claims against N'Site and Unitrin.  But this is absolutely not the case.  HQ's claims – that this Court has subject matter jurisdiction, and that HQ's exclusive rights have been infringed – are objectively reasonable.  Indeed, HQ's claim that this Court has subject matter jurisdiction is the subject of scant law in the Seventh Circuit, and presented a difficult and close question of law for the Court to decide.  Accordingly, HQ made good faith arguments that, while they did not win the day, nonetheless cannot be considered "objectively unreasonable."

HQ's claims are nothing like the "marginal" claims described in Assessment Technologies, where the plaintiff was "transparently seeking to annex a portion of the

intellectual public domain." 361 F.3d at 437.  In fact, this Court never had the opportunity to address HQ's allegations of copyright infringement, because the Court's difficult decision on subject matter jurisdiction halted the litigation.  This matter bears similarity to <u>Traicoff</u>, in which the plaintiff "honestly and reasonably believed that there was infringement in this case," and the case "involves two parties with different, but reasonable, views of the law with an uncertain outcome."  <u>Traicoff</u>, 2007 WL 2286133 at *3 (S.D. Ind. Aug. 7, 2007) (denying award of attorneys' fees to defendant under 17 U.S.C. § 505).  As stated in <u>Traicoff</u>, "[t]he court does not take <u>Assessment Technologies</u> to require in every case a sanction on a losing plaintiff who in good faith sought its day in court."  <u>Id.</u>  Thus, because HQ's prosecution of this case has not been objectively unreasonable, N'Site is not entitled to attorneys' fees.[1]

### 4. An Award of Attorneys' Fees to N'Site Does Not Advance Considerations of Compensation and Deterrence

One factor that could support an award of attorneys' fees under 17 U.S.C. § 505 is when the award would compensate innocent parties and deter copyright misuse.  Such is not the case here.  N'Site and Unitrin are not "innocent parties," nor has any evidence been presented to suggest that they are.  HQ brought legitimate and *bona fide* allegations of copyright infringement against them, which HQ continues to believe have merit.  The Court's decision to dismiss the case for lack of subject matter jurisdiction does not make N'Site and Unitrin "innocent" either, because the Court has not yet had the opportunity to address the merits of HQ's allegations.  This is not a case where "rogue plaintiffs might intentionally file frivolous complaints and subject defendants to lengthy litigation" such that attorneys' fees

---

[1] N'Site raises several other issues regarding HQ's conduct in this case, presumably in an attempt to support a claim of improper motivation or objective unreasonableness.  N'Site's discussion of such issues, however, is inaccurate.  Any argument that HQ's conduct was improperly motivated or objectively unreasonable is without support.  <u>See</u> Declaration of Deborah Rzasnicki Hogan, attached hereto as Exhibit A.

must be awarded to compensate and deter.  <u>Bridgeport Music, Inc. v. London Music, U.K.</u>, 226 Fed. Appx. 491, 497 (6th Cir. 2007), citing <u>Bridgeport Music, Inc. v. London Music, U.K.</u>, 345 F. Supp. 2d 836, 841-42 (M.D. Tenn. 2004).  Rather, HQ was justified in filing this action, which was brought in good faith on the factually and legally sound beliefs that there is subject matter jurisdiction, and that Defendants have infringed HQ's copyrights.  Therefore, an award of attorneys' fees to N'Site will not advance considerations of compensation and deterrence.

In fact, an award of attorneys' fees will have a chilling effect on the rights of parties like HQ to seek protection of their copyrights.  There is limited, if any, Seventh Circuit precedent directly addressing the question of whether HQ has standing as an exclusive licensee given the facts of this case, and it would be unreasonable to deter a party like HQ from pursuing a claim when there are legitimate allegations of copyright infringement.

## V.    <u>CONCLUSION</u>

N'Site's Motion for Attorney's Fees should be denied.  N'Site is not a prevailing party entitled to attorneys' fees under 17 U.S.C. § 505, nor does this Court have jurisdiction to make an award of attorneys' fees because HQ's Complaint was dismissed for lack of subject matter jurisdiction.  Even if N'Site is a prevailing party, and even if this Court has jurisdiction to decide N'Site's Motion, Supreme Court and Seventh Circuit precedent dictate that N'Site should not be awarded attorneys' fees under these circumstances.  HQ respectfully requests that this Court deny N'Site's Motion for Attorneys' Fees.

Dated:  June 12, 2008

                            Respectfully submitted,

                            **HYPERQUEST, INC.**


                            By:  <u>/s/ Deborah Rzasnicki Hogan</u>
                                  One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on June 12, 2008, she caused a copy of **HYPERQUEST'S OPPOSITION TO N'SITE'S MOTION FOR ATTORNEY'S FEES** to be served via the Court's ECF/electronic mailing system upon the following:

> Steven L. Tiedemann
> JPB Enterprises, Inc.
> Suite 400
> 8820 Columbia 100 Parkway
> Columbia, Maryland  21045
>
> Paul R. Kitch
> Jodi Rosen Wine
> Elizabeth W. Baio
> Nixon Peabody LLP
> 48th Floor
> 161 North Clark Street
> Chicago, Illinois  60601-3213

/s/ Deborah Rzasnicki Hogan