# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 0483 |
| | ) | |
| N'SITE SOLUTIONS, INC. and UNITRIN | ) | Judge Milton I. Shadur |
| DIRECT AUTO INSURANCE, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DEBORAH RZASNICKI HOGAN

I, Deborah Rzasnicki Hogan, declare and state as follows:

1.      I am a principal of the professional corporation known as Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd. ("Goldberg Kohn"), and a member of Goldberg Kohn's Litigation Department. I am a 1995 graduate of the Northwestern University School of Law. I have been in private practice in Chicago continuously since 1995. I am lead counsel for HyperQuest, Inc. ("HQ") in this matter, and have personal knowledge of the matters set forth herein.

2.      HQ retained Goldberg Kohn to represent it with respect to possible copyright infringement claims against N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin") in late 2007. HQ is billed and pays for Goldberg Kohn's legal services at Goldberg Kohn's standard hourly rates and in accordance with Goldberg Kohn's standard terms and conditions. N'Site's suggestion that HQ receives some concession or reduction in legal fees from me or my firm because of my relationship with one of the principals of HQ is false.

3.　　On February 5, 2008, HQ sent letters to N'Site and Unitrin advising them that HQ would not be agreeable to any extensions of time for them to answer or otherwise plead in response to the complaint. HQ sent such letters in order to try and avoid the all-too-common scenario of last minute phone calls asking for 30 (or more) additional days for the defendants to respond. As HQ also explained in its letters, HQ wanted to schedule a prompt Rule 26(f) conference and advise defendants of their obligations to preserve documents (including electronic documents that might otherwise be subject to destruction depending upon defendants' normal document retention and destruction processes).

4.　　On February 6, 2008, Mr. Paul Kitsch contacted me, told me he would be representing Unitrin in this matter, and requested an extension of time. I informed Mr. Kitsch that despite its desire for a timely response, HQ would be willing to agree to a reasonable extension of time provided that Unitrin agreed upon a date in the reasonably near future upon which it would be available to participate in a Rule 26(f) conference.

5.　　Mr. Kitsch also asked if I thought there might be a way of resolving the matter, and if HQ would be willing to perhaps agree to a voluntary exchange of information such that the parties could do an initial examination of the source code for the products at issue and see if the matter could be resolved. I informed Mr. Kitsch that I thought HQ would be amenable to such a procedure for attempting to resolve the issues. Mr. Kitsch and I then had a detailed conversation in which I explained to Mr. Kitsch my understanding of the type of application at issue and the various types of code at issue that any outside expert would need to examine.

6. Despite follow-up phone calls thereafter from me to Mr. Kitsch regarding his desire for an extension of time and a potential voluntary exchange of information, Mr. Kitsch failed to return my calls. Instead, on February 12, 2008, Unitrin served its motion to dismiss for insufficiency of process based on the fact that HQ had named "Unitrin Direct Auto Insurance" instead of "Unitrin Direct Insurance Company" as a defendant. Then, on February 13, 2008, Unitrin and N'Site filed their joint motion to dismiss for lack of subject matter jurisdiction.

7. N'Site never contacted me to request any extension of time for responding to the complaint. Instead, on February 11, 2008, Mr. Tiedemann sent an email to me informing me that he would be serving a timely response to the complaint later in the week.

8. On February 15, 2008, Mr. Kitsch called me to see if HQ would be interested in trying to settle the case with Unitrin. This time, Mr. Kitsch was not suggesting any voluntary exchange of information but instead was simply hoping to get his client out of the case. Based on Mr. Kitsch's description of Unitrin's settlement position, I told him that I thought our clients were very far apart, and I was not optimistic that we could settle the case. Mr. Kitsch asked me to see if my client would make a demand. I told Mr. Kitsch that I would discuss the matter with my client, and if I thought there was any realistic hope of settling the matter given his client's position as he conveyed it to me, I would get back to him. After discussing the matter with my client, I concluded that our clients were too far apart and that further discussion of settlement at that time would not have been fruitful. I never refused to engage in good-faith discussions to attempt to settle the case.

9.    At the February 27, 2008 status hearing in this matter, the Court stated that it believed the issue of whether N'Site's prior license had ever been terminated was relevant to the issue of HQ's standing to pursue its claim against N'Site. Accordingly, HQ sought and obtained permission to serve discovery related to that issue.

10.    The discovery served by HQ was not overbroad and was specifically targeted to obtain information relevant to the termination (or continued existence) of N'Site's prior license and the scope of any such license. See UDIC's Responses to Plaintiff's First Set of Document Requests, Defendant N'Site's Answers to Plaintiff's Interrogatories and Response to Request for Production, and UDIC's Answers to Plaintiff's First Set of Interrogatories, copies of which are attached hereto as Group Exhibit 1.

11.    Contrary to N'Site's claim, HQ did not engage in any "unfocused discovery expedition" related to the merits of HQ's claims. HQ did not, for example, request production of source code for defendants' infringing products; HQ did not request any other technical or non-technical documentation regarding the infringing products; and HQ did not seek any information about the defendants' usage or sales of the infringing products. HQ's discovery was targeted specifically to the standing issues discussed at the status hearing on February 27, 2008.

12.    In addition, the reason the parties had to negotiate the terms of a protective order was specifically in response to a request from Safelite Group Inc. ("Safelite"). After HQ served its subpoena for documents on Safelite, Safelite informed HQ that it viewed the responsive documents as confidential, and Safelite was unwilling to produce documents until the parties had agreed to the terms of an appropriate protective order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2008.

_____
Deborah Rzasnicki Hogan

# GROUP EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 C 483 |
| | ) | |
| N'SITE SOLUTIONS, INC., and UNITRIN | ) | Honorable Milton I. Shadur |
| DIRECT AUTO INSURANCE, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

## UDIC'S RESPONSES TO PLAINTIFF'S FIRST
## SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, and subject to the objections stated below, Unitrin Direct Insurance Company ("UDIC"), by and through counsel, hereby submit its response to HyperQuest's First Set of Document Requests to Unitrin.

### GENERAL OBJECTIONS

1.      Plaintiff "HyperQuest's First Set of Document Requests to Unitrin" purport to propound document requests upon "Defendant Unitrin Direct Insurance Company." However, Plaintiff's complaint names Unitrin Direct Auto Insurance as a Defendant. The complaint does not name Unitrin Direct Insurance Company ("UDIC"). UDIC's motion to dismiss on this basis (under Rule 12(b)(4)) is pending. Accordingly, UDIC objects to Plaintiff's document requests on this basis.

2.      Plaintiff "HyperQuest's First Set of Document Requests to Unitrin" purport to propound document requests pursuant to Fed. R. Civ. P. 34 and pursuant to the Court's order of February 27, 2008 to be responded to within 10 days. UDIC objects to the requests to the extent

10930606.1

they suggest a deadline for respond of 10 days. Rule 34, the purported basis of the requests, provides for 30 days for response. The Court's order did not modify this deadline. Additionally, Rule 34 is not applicable to UDIC as it is not a named party in the above identified lawsuit. Any responses UDIC chooses to provide are voluntary. UDIC reserves all its rights.

3.    UDIC's discovery and investigation in connection with this case is continuing. UDIC's responses are based on information gathered as of the time of these responses. UDIC reserves the right to amend or supplement its responses if and when additional information is obtained.

4.    UDIC's investigation continues and, by responding to any Request, UDIC does not concede that there are or are not any documents in its possession, custody or control that are responsive to such Request.

5.    Any Response to any Request, or production of documents, is not intended to be and shall not be deemed a concession or admission by UDIC of the existence, relevance or admissibility into evidence of such Response, or of any document or information produced by UDIC. UDIC reserves the right to object to the introduction into evidence of information and/or documents provided in response to Plaintiff's Requests.

6.    UDIC objects to the Requests and to the definitions and instructions to the extent they seek to impose any duty beyond those duties imposed by the Federal Rules of Civil Procedure and any other applicable law and to the extent the purported definitions differ from those provided by the Federal Rules of Civil Procedure.

7.    UDIC objects to the definitions and instructions to the extent they purport to require the identification or production of any document not relevant to any claim or defense of a party or the identification or production of any document beyond the limited scope of the Court's

order of February 27, 2008. UDIC will identify and produce only relevant documents within the scope of the Court's order of February 27, 2008.

8.     UDIC objects to the Requests to the extent they call for or purport to call for the production of any documents that are publicly available or are not in the possession, custody, or control of UDIC.

9.     UDIC objects to the Requests to the extent they call for the disclosure of information that is either unreasonably cumulative or duplicative.

10.     UDIC objects to Plaintiff's requests to the extent they are worded such that disputed issues are assumed to be proven or undisputed, or to the extent that they are worded in an argumentative, prejudicial or improper fashion.

11.     UDIC objects to the Requests to the extent they call for or purport to call for the production of any document protected from discovery because of an attorney-client privilege, an attorney work product immunity, or any other applicable privilege or immunity.   If any document that is subject to any privilege or immunity from discovery is inadvertently produced, such inadvertent production is not to be construed as a waiver of such privilege or immunity, and such document and all copies thereof are to be returned to counsel for UDIC. A log of relevant documents withheld from production because of a claim of privilege or immunity will be exchanged with Plaintiff at a mutually agreed upon time.

12.     UDIC objects to the definitions of "N'Site," "Quivox," and "Safelite". These definitions are overly broad and fail to identify the names and identities of the persons and entities purported to fall within those definitions.

13.     UDIC objects to the definition to "eDoc software" as being vague and unclear especially when it is considered that UDIC was not a party to the license referred to herein.

14.    UDIC objects to Plaintiff's requests to the extent they call for a legal conclusion.

15.    UDIC objects to Plaintiff's requests and the definitions set out therein to the extent that they define any word more broadly than or inconsistently with the plain and ordinary meaning of that word. All Responses to the Requests are based on the plain and ordinary meaning of the words used in the Requests.

Each of the foregoing general objections is incorporated into each and every response as though fully set forth therein and in addition to any specific objections stated.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**
All documents in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present.

**RESPONSE TO REQUEST NO. 1:**

UDIC objects to this request on all of the grounds set forth in its General Objections and incorporates those objections as if set forth in full herein. Subject to and without waiving these objections, UDIC does not believe it has documents responsive to this request.

Dated:  March 14, 2008

Respectfully submitted,

UNITRIN DIRECT INSURANCE COMPANY

By:_____
One of Its Attorneys

Paul R. Kitch
pkitch@nixonpeabody.com
Jodi Rosen Wine
jwine@nixonpeabody.com
Elizabeth W. Baio
ebaio@nixonpeabody.com
NIXON PEABODY, LLP
161 N. Clark Street
48th Floor
Chicago, Illinois 60601
(312) 425-3900

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 14, 2008, they caused a copy of the attached **UDIC's RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS** to be served via facsimile and U.S. Regular Mail upon:

Deborah R. Hogan
Chad A. Blumenfield
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Facsimile: 312-332-2196

Steven L. Tiedemann
8820 Columbia 100 Parkway Suite 400
Columbia, Maryland 21045
Facsimile: 410-884-1457

10930606.1

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

HYPERQUEST, INC.                )

     Plaintiff,                    )

v.                               )        Civil Action No. 08 C 483

N'Site Solutions, Inc., et al.,  )        **Honorable Milton I. Shadur**

     Defendants.                   )        **Magistrate Judge Michael T. Mason**

## DEFENDANT N'SITE'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND RESPONSE TO REQUEST FOR PRODUCTION

Defendant N'Site Solutions, Inc. n/k/a ClaimHub, Inc. answers the Plaintiff's Interrogatories and Request for Production of Documents and says:

### General Objections

a.    The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

b.    The word usage and sentence structure is that of the attorneys who in fact prepared these answers and language does not purport to be the exact language of the executing party.

c.    The interrogatories and requests have been interpreted and answered in accordance with the Federal Rules of Procedure, applicable Local Rules, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the interrogatories and requests.

d.    The executing party reserves the right to supplement these answers to interrogatories and responses to requests.

e.    The executing party objects to the interrogatories and requests to the extent that they seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

1

f. The executing party objects to the interrogatories and requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

g. The executing party objects to the extent that the interrogatories and requests purport to compel the executing party to take any action or do anything no required by the Federal Rules of Civil Procedure or applicable Local Rules.

h. The executing party objects to the extent that the interrogatories and requests seek information beyond the scope of discovery as limited by Court order.

## <u>INTERROGATORIES</u>

*Interrogatory No. 1.* Does N' Site contend that the Quivox/N' Site Limited Use License is currently in effect?

Answer: Yes.

*Interrogatory No. 2.* If N'Site's answer to interrogatory No. I was anything other than an unqualified "no," state the basis for that contention.

Answer: The license has never been terminated pursuant to the terms thereof. Moreover, Quivox breached its agreement with N'Site and also assigned its right to Safelite in violation of Quivox's contract with N'Site.

*Interrogatory No. 3.* If N'Site's answer to interrogatory No. I was an unqualified "no," when does N' Site contend that the Quivox/N'Site Limited Use License ceased to be in effect?

Answer: No answer required.

*Interrogatory No. 4.* Does N'Site acknowledge that the rights of Quivox under the Quivox/N'Site Limited Use License were assigned to Safelite in or about May 2003?

Answer: Defendant objects because the question exceeds the scope of discovery as limited by the Court. Without waiving any objection, no.

*Interrogatory No. 5.* If N'Site's answer to interrogatory No. 4 was anything other than an unqualified "yes," state the basis for that contention.

Answer: N'Site objects in that it has not made any such contention. It was asked if it acknowledges a point. It does not acknowledge that point. Moreover, Defendant objects because the question exceeds the scope of discovery as limited by the Court. Without waiving

that objection, N'Site has not reviewed all of the documents between Quivox and Safelite in their entirety. Also, Quivox and Safelite violated N'Site's agreement with Quivox.

*Interrogatory No. 6.* Does N'Site contend that at any time between April 1 2001 and the present N'Site had the right to distribute the eDoc software?

Answer: Defendant objects because the question exceeds the scope of discovery as limited by the Court.

*Interrogatory No. 7.* If N'Site's answer to interrogatory No. 6 was anything other than an unqualified "no," state the basis for that contention and state the period of time during which N' Site contends it had the right to distribute the eDoc software.

Answer: The Defendant did not respond to the prior objectionable question.

*Interrogatory No. 8.* Does N'Site contend that at any time between April 1, 2001 and the present N 'Site had the right to create derivative works based upon the eDocs software?

Answer: Defendant objects because the question exceeds the scope of discovery as limited by the Court.

*Interrogatory No. 9.* If N'Site's answer to interrogatory No. 8 was anything other than an unqualified "no," state the basis for that contention and state the period of time during which N' Site contends it had the right to create derivative works based upon the eDoc software.

Answer: The Defendant did not respond to the prior objectionable question.

*Interrogatory No. 10.* Does N'Site contend that at any time between April 1, 2001 and the present N'Site had the right to sub-license N'Site's rights in the eDoc software?

Answer: Defendant objects because the question exceeds the scope of discovery as limited by the Court.

*Interrogatory No. 11.* If N'Site's answer to interrogatory No. 10 was anything other than an unqualified "no" state the basis for that contention and state the period of time during which N' Site contends it had the right to sub-license N' Site's rights in the eDoc software.

Answer: The Defendant did not respond to the prior objectionable question.

*Interrogatory No. 12.* Identify all communications between N'Site and any third party in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present.

3

Answer: N'Site objects because the term "third party", as used in the interrogatory, is vague, ambiguous and undefined. Without waiving this or any general objection, N'Site states that it is aware of no communications relating to any of the topics set forth in the interrogatory, except internal questions to employees confirming that, in fact, no such termination or revision was received.

**Interrogatory No. 13.** Identify all persons whom N'Site believes to have any information or knowledge, or claim to have the same, in any way relating to: (i) whether the Quivox N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N' Site Limited Use License has been continuously in effect from April 1, 2001 through the present, and summarize the information or knowledge N' Site believes such persons to have.

Answer: N'Site's management has asked several of its employees if they had any documents regarding Quivox and/or Safelite. N'Site also has asked if anyone recalls receiving a termination notice or alteration of the license. The responses were all negative so N'Site does not believe any of its employees have responsive information. James R. Bolduc was the N'Site representative that discussed Safelite's position with Safelite. He is a Maryland resident and may be contacted through undersigned counsel. Others in N'Site's management team have no knowledge regarding any revision or termination.

## REQUESTS

**Request No. 1** All documents in any way reflecting communications between N'Site and Safelite in any *way* relating to the Quivox/N 'Site Limited Use License or the eDoc software.

Response: Defendant objects because the request exceeds the scope of discovery as limited by the Court. Without waiving any objection, all responsive documents will be produced as they are maintained in the ordinary course of business for review and inspection-related activities at the offices of JPB Enterprises, Inc., 8820 Columbia 100 Parkway, Suite 400, Columbia, Maryland 21045.

**Request No. 2.** All documents in any way reflecting communications between N' Site and Safelite in any way relating to any draft or proposed revised license terms between N' Site and Safelite.

Response. Defendant objects because the request exceeds the scope of discovery as limited by the Court. Without waiving any objection, all responsive documents will be produced as they are maintained in the ordinary course of business for review and inspection-related activities at the offices of JPB Enterprises, Inc., 8820 Columbia 100 Parkway, Suite 400, Columbia, Maryland 21045.

**Request No. 3.** All documents in any way reflecting communications between N' Site and Quivox in any way relating to the Quivox/N'Site Limited Use License.

Response: Defendant objects because the request exceeds the scope of discovery as limited by the Court. Without waiving any objection, all responsive documents will be produced as they are maintained in the ordinary course of business for review and inspection-related activities at the offices of JPB Enterprises, Inc., 8820 Columbia 100 Parkway, Suite 400, Columbia, Maryland 21045.

*Request No. 4.* All documents in any way relating to: (i) whether the Quivox/'N' Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present.

Response: All responsive documents will be produced as they are maintained in the ordinary course of business for review and inspection-related activities at the offices of JPB Enterprises, Inc., 8820 Columbia 100 Parkway, Suite 400, Columbia, Maryland 21045.

I, **James R. Bolduc,** in my capacity as an officer of Defendant N'Site Solutions, Inc., **SOLEMNLY AFFIRM** under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information and belief.

For:  N'Site Solutions, Inc.

James R. Bolduc
Secretary

As to the objections and document responses,

Steven L. Tiedemann, Esquire
8820 Columbia 100 Parkway, Suite 400
Columbia, MD 21045
410-884-1960
410-884-1457 (fax)

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this _H th_ day of March, 2008 a copy of the foregoing Answers to Interrogatories and Response to Document Requests was sent via facsimile transmission and first-class mail to:

Deborah Rzasnicki Hogan, Esq.
Goldberg, Kohn
55 East Monroe Street, Suite 3300
Chicago, IL 60603
312-332-2196 (fax)

Paul R. Kitch, Esq.
Nixon Peabody LLP
161 N. Clark Street
48th Floor
Chicago, IL 60601
312-425-3909

Steven L. Tiedemann

6

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISTRICT

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08 C 483 |
| | ) | |
| N'SITE SOLUTIONS, INC., and UNITRIN | ) | Honorable Milton I. Shadur |
| DIRECT AUTO INSURANCE, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | JURY DEMAND |

### UDIC'S ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Unitrin Direct Insurance Company ("UDIC"), by and through counsel, hereby submits its Answers to Plaintiff's First Set of Interrogatories. UDIC's investigation is continuing and UDIC reserves the right to amend and/or supplement its answers to these interrogatories as necessary.

### General Objections

1.      Plaintiff "HyperQuest's First Set of Interrogatories to Unitrin" purport to propound interrogatories upon "Unitrin Direct Insurance Company." However, Plaintiff's complaint names Unitrin Direct Auto Insurance as a Defendant. The complaint does not name Unitrin Direct Insurance Company ("UDIC"). UDIC's motion to dismiss on this basis (under Rule 12(b)(4)) is pending. Accordingly, UDIC objects to Plaintiff's interrogatories on this basis.

2.      Plaintiff "HyperQuest's First Set of Interrogatories to Unitrin" purport to propound interrogatories pursuant to Fed. R. Civ. P. 33 and pursuant to the Court's order of February 27, 2008 to be responded to within 10 days. UDIC objects to the interrogatories to the extent they suggest a deadline for response of 10 days. Rule 33, the purported basis of the

10930259.1

interrogatories, provides for 30 days for response. The Court's order did not modify this deadline. Additionally, Rule 33 is not applicable to UDIC as it is not a named party in the above identified lawsuit. Any responses UDIC chooses to provide are voluntary. UDIC reserves all its rights.

3.      UDIC objects to Plaintiff's interrogatories to the extent that they call for information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Any answer to any interrogatory, or a part thereof, is not intended to be and shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege.

4.      UDIC objects to Plaintiff's interrogatories to the extent they call for a legal conclusion.

5.      UDIC objects to Plaintiff's interrogatories and the definitions set out therein to the extent that they define any word more broadly than or inconsistently with the plain and ordinary meaning of that word. All Responses to the Interrogatories are based on the plain and ordinary meaning of the words used in the Interrogatories.

6.      UDIC objects to the definitions of "N'Site," "Quivox," and "Unitrin". These definitions are overly broad and fail to identify the names and identities of the persons and entities purported to fall within those definitions.

7.      Any Response to any interrogatory, or a part thereof, is not intended to be and shall not be deemed a concession or admission by UDIC of the relevance or admissibility into evidence of such Interrogatory, of the Response thereto, or of any document or information referred to in the Interrogatories or Response.

8.      UDIC objects to Plaintiff's interrogatories to the extent they are worded such that disputed issues are assumed to be proven or undisputed, or to the extent that they are worded in an argumentative, prejudicial or improper fashion.

9.      UDIC's discovery and investigation in connection with this case is continuing. UDIC's responses are based on information gathered as of the time of these responses.  UDIC reserves the right to amend or supplement their responses if and when additional information is obtained.

10.     UDIC objects to the interrogatories and to the definitions and instructions to the extent they seek to impose any duty beyond those duties imposed by the Federal Rules of Civil Procedure and any other applicable law and to the extent the purported definitions differ from those provided by the Federal Rules of Civil Procedure.

11.     UDIC objects to the definitions and instructions to the extent they purport to require the identification of any person, document, or information not relevant to any claim or defense of a party or the identification of any person, document or information beyond the limited scope of the Court's order of February 27, 2008.  UDIC will identify only relevant persons, documents, or information within the scope of the Court's order of February 27, 2008.

12.     Each of the foregoing general objections is incorporated into each and every interrogatory answer as though fully set forth therein and in addition to any specific objections stated.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all communications between Unitrin and any third party in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present.

### RESPONSE TO INTERROGATORY NO. 1:

UDIC objects to this interrogatory on all of the grounds set forth in its General Objections and incorporates those objections as if set forth in full herein. Furthermore, UDIC objects to the term "third party," as used in this interrogatory as being vague, ambiguous and undefined. Subject to and without waiving these objections, UDIC states that it is unaware of communications falling within this interrogatory.

### INTERROGATORY NO. 2:

Identify all persons whom Unitrin believes to have any information or knowledge, or claim to have the same, in any way relating to: (i) whether the Quivox/N'Site Limited Use License was ever terminated or revised; (ii) whether the Quivox/N'Site Limited Use License is currently in effect in whole or in part; or (iii) whether the Quivox/N'Site Limited Use License has been continuously in effect from April 1, 2001 through the present, and summarize the information or knowledge Unitrin believes such persons to have.

### RESPONSE TO INTERROGATORY NO. 2:

UDIC objects to this interrogatory on all of the grounds set forth in its General Objections and incorporates those objections as if set forth in full herein. Subject to and without waiving these objections, UDIC states it is without information as to the identity of such individuals.

## INTERROGATORY ANSWER VERIFICATION

I, JoLynn L. Bumiller, being first duly sworn on oath, state that I am the Director of Claims, Legal & Compliance of Unitrin Direct Insurance Company, and declare:

I have read and know the contents of UDIC's Answers to Plaintiff's First Set of Interrogatories, served on March 14, 2008, and I certify that they are true and correct to the best of my knowledge, information and belief.

Date: March ___, 2008

_____

JoLynn L. Bumiller
UNITRIN DIRECT INSURANCE COMPANY

**As to Objections and Rule 33(d) Answers:**


Dated: March 14, 2008

                                    Respectfully submitted,


                                      UNITRIN DIRECT INSURANCE COMPANY

By: _____
                                      One of Its Attorneys




Paul R. Kitch
pkitch@nixonpeabody.com
Jodi Rosen Wine
jwine@nixonpeabody.com
Elizabeth W. Baio
ebaio@nixonpeabody.com
NIXON PEABODY, LLP.
161 N. Clark Street
48th Floor
Chicago, Illinois 60601
(312) 425-3900

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 14, 2008, they caused a copy of the attached **UDIC's ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served via facsimile and U.S. Regular Mail upon:

Deborah R. Hogan
Chad A. Blumenfield
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Facsimile: 312-332-2196

Steven L. Tiedemann
8820 Columbia 100 Parkway Suite 400
Columbia, Maryland 21045
Facsimile: 410-884-1457

10930259.1