IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 C 483 |
| | ) | |
| N'SITE SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This Court's May 1, 2008 memorandum order ("Order," a copy of which is attached for convenience in reference) was mercifully brief because it merely had to adopt the excellent presentation by N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin") that called for the dismissal of the action brought against them by HyperQuest, Inc. ("HQ").  N'Site (acting for itself and codefendant Unitrin) has followed up with a motion for a large award of attorney's fees and expenses under 17 U.S.C.A. §505.[1]  With HQ having responded to the motion in terms of N'Site's entitlement or lack of entitlement to such an award,[2] the motion is ripe for decision.

Just as was true of HQ's substantive opposition to the motion to dismiss, its current opposition has regrettably been

---

[1]   All further references to Title 17's provisions will simply take the form "Section--."

[2]   On May 21 this Court instructed HQ's counsel to limit its response to that question, leaving for the future the potential question whether the amount sought is reasonable.

viewed through an astigmatic lens. Here is its introduction at Mem. 1-2:

> N'Site's Motion must be denied because it is based on a false premise--that N'Site is a "prevailing party" under 17 U.S.C. §505. Long-standing federal case law, including binding precedent from the Supreme Court, holds that a party such as N'Site, which achieves dismissal based on a lack of subject matter jurisdiction, is <u>not</u> a prevailing party under a federal fee-shifting statute. Furthermore, the fact that this Court dismissed HQ's claims for lack of subject matter jurisdiction means that this Court lacks jurisdiction to award attorneys' fees to N'Site, because 17 U.S.C. §505 does not itself confer subject matter jurisdiction. Therefore, N'Site is not entitled to an award of attorneys' fees under 17 U.S.C. §505.

That reference to "a false premise" is particularly ironic, for that pejorative characterization applies squarely to HQ's own gravamen for urging the purported absence of subject matter jurisdiction over the copyright claim that it had advanced in the litigation. This memorandum opinion and order should not, however, be overly critical in that respect, for the Order itself has admittedly contributed to that misapprehension in a substantial way by following the "lack of subject matter jurisdiction" locution that the parties had employed in addressing the dismissal motion.

Jurisdiction, like Joseph's fabled coat of many colors, is a term with many shades of meaning, used in many different ways. This Court had already planned to use that biblical reference in

preparing its notes for this opinion[3] when research turned up the thoughtful opinion by Judge Easterbrook (quoting Justice Frankfurter in that regard) in Am. Nat'l Bank & Trust Co. v. City of Chicago, 826 F.2d 1547, 1552-53 (7th Cir. 1987), which discussed that very subject in particularly poignant fashion.[4]

Subject matter jurisdiction was truly at issue in the lead case that HQ's response cites in support of its contention, Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 164-65 (1st Cir. 2007): Because plaintiff in that case had failed to register the claimed copyright, which registration is expressly made a prerequisite to bringing suit under the Copyright Act (Section 411(a)), the federal district court there had no jurisdiction--no power--to adjudicate the substantive copyright issue. That being the case, defendant could not qualify as a "prevailing party" on the merits of the litigation, hence could not invoke Section

---

[3] It was a toss-up between that familiar (and perhaps a bit hackneyed) reference and Justice Holmes' elegant turn of phrase in Towne v. Eisner, 245 U.S. 418, 425 (1918):

> A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.

[4] By chance, that opinion affirmed a decision by this Court that had dismissed a federal action on claim preclusion grounds, holding that the dismissal of an earlier state court action was not "jurisdictional" so as to make a preclusion holding unavailable.

505.[5]

By sharp contrast, what was at issue in this case was not subject matter jurisdiction in the real sense, but rather the standing (or more accurately the lack of standing) of HQ to file suit in a case in which (1) a copyright indisputably existed and (2) this Court had ample power to decide all issues of that copyright's validity and its claimed infringement as between N'Site and Unitrin on the one hand and the party entitled to enforce it (not HQ, but copyright owner and HQ licensor Safelite Group, Inc.) on the other.  In the Order this Court rejected HQ's litigative effort definitively and with prejudice because of <u>its</u> lack of standing, <u>not</u> because of any absence of power--of subject matter jurisdiction--on the part of this Court.  On that score this Court cannot (and would not attempt to) improve on the incisive explanation of the distinction between those two concepts in <u>Rent Stabilization Ass'n v. Dinkins</u>, 5 F.3d 591, 594 n.2 (2d Cir. 1993)(emphasis in original):

> However, standing and <u>subject matter</u> jurisdiction are
> separate questions. <u>See</u>, <u>e.g.</u>, <u>Baker v. Carr</u>, 369 U.S.
> 186, 198-208, 82 S.Ct. 691, 699-05, 7 L.Ed.2d 663
> (1962)(treating the two separately).  While standing,
> which is an issue of justiciability, <u>see</u> <u>Flast v.
> Cohen</u>, 392 U.S. 83, 98-99, 88 S.Ct. 1942, 1951-52, 20
> L.Ed.2d 947 (1968), addresses the question whether a
> federal court may grant relief to a party in the
> <u>plaintiff's</u> position, subject matter jurisdiction

---

[5]  For various reasons, in the circumstances presented here none of the other cases that HQ's response seeks to draw to its aid supports its position either.

addresses the question whether a federal court may grant relief to <u>any</u> plaintiff given the claim asserted. Thus, although both subject matter jurisdiction and standing (as well as other questions of justiciability) act to limit the power of federal courts to entertain claims, that is, act to limit the courts' "jurisdiction" in the broadest sense of the term, the two must be treated distinctly.[6]

Indeed, perhaps the ultimate irony in HQ's response lies in the fact that it cites to Seventh Circuit cases that directly torpedo its argument. There is no question that the Order dismissed HQ's action <u>with prejudice</u>--because HQ lacks standing, it cannot bring suit again. And that being so, here is last month's squarely applicable teaching in <u>Mostly Memories, Inc. v. For Your Ease Only, Inc.</u>, No. 06-3560, 2008 WL 2168642, at *5 (7th Cir. May 27)(citations omitted, emphasis added):

> While an award of attorney's fees under §505 is entrusted to the district court's discretion, we have held that the prevailing party in Copyright Act litigation is presumptively entitled to an award of fees under §505. In the case of prevailing defendants, we have described this presumption as "very strong." <u>There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under §505</u>.

Lastly in this respect, HQ's citation to and discussion of

---

[6] [Footnote by this Court] Once again this Court apologizes to the extent that the issue has been muddied by this Court's having followed the parties' lead in speaking of the absence of standing as though it equated to a lack of subject matter jurisdiction (which it plainly does not). In doing so this Court violated the fundamental principle expressed in one of the homely sayings attributed to Abraham Lincoln:

> If you call a tail a leg, how many legs has a dog?
> Five?  No, calling a tail a leg don't <u>make</u> it a leg.

<u>Riviera Distribs., Inc. v. Jones</u>, 517 F.3d 926, 928 (7th Cir. 2008) glosses over (or more precisely ignores entirely) the fact that <u>Riviera</u>'s discussion there could also have been written for this case:

> The district court denied Midwest's request for fees, ruling that it is not the prevailing party. The judge wrote that he "did not in any way pass on the merits of the litigation.... [T]here has been no evidence of lack of merit to [Riviera's] copyright infringement claims and no finding with respect to the merits of the case. The Court therefore does not believe that [Midwest is] entitled to prevailing party status on the facts of this case."
>
> This approach supposes that the content of a judge's opinion is what makes a litigant a prevailing party. If the judge sustains a litigant's position on the merits, then it "prevails"; otherwise not. The Supreme Court took a different view in <u>Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources</u>, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which holds that a litigant "prevails" (for the purpose of fee-shifting statutes) when it obtains a "material alteration of the legal relationship of the parties," 532 U.S. at 604, 121 S.Ct. 1835, quoting from <u>Texas State Teachers Ass'n v. Garland Independent School District</u>, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). A judgment in a party's favor has such an effect....

Just as in <u>Riviera</u>, final judgment here has been entered in favor of N'Site and Unitrin, a judgment that works a "material alteration of the legal relationship of the parties" and makes them prevailing parties for Section 505 purposes.

Thus HQ's total failure on the "prevailing party" issue stems from a skewed perception--one that substantially taints the remaining arguments advanced by HQ in Part IV of its response

(Mem. 6-12).  Nonetheless this Court invites input from N'Site and Unitrin as to those arguments at the same time that HQ is providing a prompt response as to the reasonableness of the requested award under Section 505.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  June 18, 2008

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

HYPERQUEST, INC.,                  )
                                   )
                Plaintiff,         )
                                   )
      v.                           )    No.  08 C 483
                                   )
N'SITE SOLUTIONS, INC., et al.,    )
                                   )
                Defendants.        )
```

MEMORANDUM ORDER

After HyperQuest, Inc. ("HQ") brought this copyright infringement action against N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin," erroneously named "Unitrin Direct Auto Assurance" in HQ's Complaint), both defendants moved to dismiss the Complaint and this action for lack of subject matter jurisdiction.[7]  HQ responded with a memorandum asserting--contrary to defendants' position--that it is an exclusive licensee, hence has standing to sue.  This Court then requested further submissions addressing that issue, and all the parties have done so.

There is no dispute among the parties as to the legal principles implicated by the current motions:

---

[7] Unitrin also moved for its dismissal "on grounds of insufficient process," but under the circumstances there is no need to address that subject in this written order.

1. Under the Copyright Act,[8] only a party who is "legal or beneficial owner of an exclusive right under a copyright" when the acts of asserted infringement of that right occur has standing to sue for infringement (Act §501(b)).

2. For that purpose a licensee is treated as having such ownership rights if it has been granted an exclusive license of "any one of the exclusive rights comprised in a copyright" (Act §101).

3. After a transfer of such an exclusive right, only the exclusive licensee can sue for infringement of that right--even the copyright owner lacks the necessary standing to enforce the transferred ownership rights (see e.g., <u>Davis v. Blige</u>, 505 F.3d 90, 101 (2nd Cir. 2007)).

4. But--something critical to the current motions--the holder of a <u>nonexclusive</u> license lacks the necessary standing to sue for copyright infringement (see, e.g., <u>I.A.E., Inc. v. Shaver</u>, 74 F.3d 768, 774-75 (7th Cir. 1996)).

It is against those yardsticks that the current jurisdictional motions must be measured.

To that end Unitrin's Reply addressed fully every aspect of

---

[8] Citations to that statute will take the form "Act §--," using the numbering in Title 17 of the United States Code rather than the statute's internal numbering.

HQ's attempt to characterize itself as an exclusive licensee--even as to certain rights, rather than to the totality of the copyright--and it completely scotched HQ's position. Because the Reply has covered the waterfront so thoroughly and persuasively, this Court finds it unnecessary to reiterate the analysis there piece by piece--instead it simply adopts Unitrin's presentation as proffered in the Reply.

Thus the Reply confirms that Safelite Group, Inc. ("Safelite"), HQ's licensor, retained rights to reproduce, to prepare derivative works based upon, and to distribute the eDoc software (Reply 4-5), that N'Site also has such rights (Reply 5-7) and that HQ does not have an exclusive right to distribute the software because Safelite had placed restrictions on its ability to do so (Reply 7-8). And as if that were not enough (and it is), the license agreement through which HQ advances its claims contained a provision under which Safelite retained its ownership rights (Reply 8-9).

After Unitrin filed that compelling Reply, HQ was granted leave to file a supplemental memorandum in opposition to the motions to dismiss, and both N'Site and Unitrin have now tendered final submissions that have honored this Court's admonition not to plow the same legal field over again. Those submissions have successfully rejected the additional arguments advanced in HQ's supplemental filing just as effectively as Unitrin's Reply had

torpedoed HQ's original response, and once again this Court sees no need to reproduce those added arguments here.  Instead it simply refers to and adopts them.[9]

Because HQ is hence <u>not</u> an exclusive licensee of any of the rights that it now claims, it is without standing to bring the current action.  Accordingly both the Complaint and this action are dismissed for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 1, 2008

---

[9] Among other matters, HQ's attempt to bring into play some doctrines from patent jurisprudence lacks force for more than one reason (see Unitrin's current Mem. 4), and its effort to alter the plain language of Safelite's license to HQ via the declaration by HQ's President Jeffrey Hogan cannot stave off the inevitable -- in that respect it will be remembered that an exclusive copyright license must be in writing (see, e.g., I.A.E., 74 F.3d at 774-75), so that Hogan's asserted mindset, which was not embodied in the written license itself, has no impact on the issue at hand.