UNITED STATE DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hyperquest, Inc. | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08 C 483 |
| N'Site Solutions, Inc., et al., | ) | **Honorable Milton I. Shadur** |
| Defendants. | ) | **Magistrate Judge Michael T. Mason** |

## N'SITE SOLUTIONS, INC.'S REPLY MEMORANDUM ON LIMITED ATTORNEY'S FEES ISSUES

At the Court's invitation, Defendant, N'Site Solutions, Inc. n/k/a ClaimHub, Inc. ("N'Site"), hereby files this, its Reply Memorandum on those limited attorney's fees issues framed by the Court.

In its Opposition Memorandum, Plaintiff Hyperquest, Inc. argued that, pursuant to four "nonexclusive" factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994), an award of attorney's fees to HQ is not proper. Although the *Fogerty* factors play a role in this Court's analysis, this Court must first accept a "very strong" presumption in favor of N'Site that must be first overcome by Hyperquest. Specifically, in this Circuit, when the prevailing party in a copyright action is the Defendant, who by definition received no award from the suit, attorney's fees should be awarded unless there is some affirmative reason, offered by Hyperquest, as to why such an award should not be made. Simply put, Hyperquest's allegations that it acted in good faith and that its suit was not frivolous are insufficient to overcome the "very strong" presumption. Moreover, as set forth in N'Site's original motion for attorney's fees, Hyperquest's conduct, and the circumstances of this case, support such an award.

### *Reply Argument*

Since the *Fogerty* decision, the Seventh Circuit Court of Appeals has clarified the application of the four non-exclusive *Fogerty* factors to an attorney's fee request. Indeed, the Court of Appeals acknowledged that the *Fogerty* factors were non-exclusive and were "in need of simplification". *Assessment Technologies of WI, LLC v. WIREData, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004). The Court of Appeals advanced that simplification endeavor and established a "very strong" presumption towards awarding attorney's fees to defendants, such as N'Site and Unitrin. *Id.; see also Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.2d 822, 824 (7th Cir. 2005) (recognizing *Assessment Technologies'* holding of a "strong presumption" in favor of a prevailing defendant.) This "very strong" presumption was recently re-stated in *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008):

> "While an award of attorney's fees under § 505 is entrusted to the district court's discretion, we have held that the prevailing party in Copyright Act litigation is presumptively entitled to an award of fees under § 505. In the case of prevailing defendants, we have described this presumption as "very strong." There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505." (Internal citations omitted.)

Hyperquest's analysis of the four non-exclusive factors listed in *Fogerty* ignores this presumption in favor of an award of attorney's fees to N'Site. In fact, the presumption must be the starting point of this Court's analysis. Thereafter, Hyperquest must advance an affirmative reason why the presumption is outweighed. In order to do so, Hyperquest must undermine the reason undergirding the presumption, not merely allege that it acted in good faith and that its Complaint was not frivolous.

In *Assessment Technologies*, the Court of Appeals stated, quite plainly, the reason for the very strong presumption.

> "As we said with reference to the situation in which the prevailing plaintiff obtains only a small award of damages, 'the smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees .... [W]e go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees.' <u>When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong</u>. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.
>
> We of course were not saying that the smaller the damages, the larger the fee. The fee is independent of the size of the damages. <u>The point is only that when a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party. The best illustration is in fact a case like this, where the party awarded the fees, being the defendant, could not obtain an award of damages from which to pay his lawyer no matter how costly it was for him to defend against the suit.</u>" *Assessment Technologies of WI, LLC v. WIREData, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) (emphasis added).

3

Hyperquest's opposition limits itself to the four non-exclusive *Fogerty* factors and then declares that it should not have to pay Defendants' fees. Of course, N'Site disagrees with Hyperquest on this issue.[1] Nevertheless, Hyperquest cannot, and thus does not, assail the one issue that underlies the presumption in favor of defendants, *i.e.*, that, as prevailing defendants, the attorney's fee award is the only fiscally-viable way for N'Site and Unitrin to justify pursuing vindication. Both defendants in this matter succeeded, had to institute and defend multiple motions, and cooperated with discovery in a case in which the Plaintiff lacked the standing to proceed. Both ran up large legal bills[2] in the process and are now "stuck" paying those fees.

It must be remembered that the Plaintiff sought permanent injunctive relief against the Defendants that, if granted, could have put them both out of business or (at the very least) significantly hampered the operations and profitability of both companies. Hyperquest further sought disgorgement of profits from Unitrin. The harm to both Defendants, had Plaintiff succeeded, would have far exceed the Defendants' attorney's fees and expenses in this case. Simply put, Defendants had no choice but to fight Hyperquest's claim aggressively. N'Site had to defend this case, even though it could never receive a damage

---

[1] N'Site previously addressed why it believes that, even under the four *Fogerty* factors, Hyperquest should be ordered to pay fees. *See* Motion for Attorney's Fees at 3-6. Namely, Hyperquest:

- purposefully included Unitrin in this case so that jurisdiction could be proper in Chicago and so it could hire Ms. Hogan;
- failed to cite, or even allude to, Section 2(b) which severely limited its license, and rendered it non-exclusive;
- inexplicably delayed 3 years and 6 months to bring its January 2008 action;
- refused attempts to engage in good-faith discussions to settle this case, and insisted on pressing for immediate, comprehensive discovery exceeding the scope of this Court's order; and
- sought, and apparently expected, its own attorney's fees to be part of its remedy in this case.

[2] N'Site anticipates Hyperquest's argument that the attorney's fees sought (particularly those incurred by Unitrin's counsel) are unreasonable. N'Site does not know the scope of Hyperquest "unreasonableness" argument, so it cannot respond here to what it has not seen.

award.  It is the Court of Appeals' "strong presumption" in favor of an award to N'Site that

remedies this unfair situation.  Hyperquest has not rebutted the very strong presumption.

### Conclusion

Hyperquest having failed to overcome the very strong presumption in favor of N'Site

Solutions, Inc. n/k/a ClaimHub, Inc. and Unitrin respectfully requests that it be awarded the

amount of **$222,820.67** incurred as costs and attorney's fees in defending this matter as to

both Defendants.

Respectfully submitted,


_____/s/_____

Steven L. Tiedemann
8820 Columbia 100 Parkway, Suite 400
Columbia, Maryland 21045
(410) 884-1960
(410) 884-1457 (fax)
Attorney for N'Site Solutions n/k/a
ClaimHub, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that, on the 10th day of July, 2008 I mailed and emailed a copy of the
foregoing to:
Deborah Hogan, Esq.
Goldberg Kohn
55 East Monroe Street
Suite 3300
Chicago, Illinois   60603-5792
Deborah.hogan@goldbergkohn.com
and to
Paul Kitch, Esq.
Nixon Peabody
161 N. Clark Street
48th Floor
Chicago, IL 60601-3213
pkitch@nixonpeabody.com


_____/s/_____

Steven L. Tiedemann