IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08 C 0483 |
| N'SITE SOLUTIONS, INC. and UNITRIN DIRECT AUTO INSURANCE, | ) ) ) | Judge Milton I. Shadur<br>Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

**<u>DECLARATION OF DEBORAH RZASNICKI HOGAN</u>**

I, Deborah Rzasnicki Hogan, declare and state as follows:

1. I am a principal of the professional corporation known as Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd. ("Goldberg Kohn"), and a member of Goldberg Kohn's Litigation Department. I am a 1995 graduate of the Northwestern University School of Law. I have been in private practice in Chicago continuously since 1995. I am lead counsel for HyperQuest, Inc. ("HQ") in this matter, and have personal knowledge of the matters set forth herein.

2. HQ retained Goldberg Kohn to represent it with respect to possible copyright infringement claims against N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin") in late 2007. HQ is billed and pays for Goldberg Kohn's legal services at Goldberg Kohn's standard hourly rates and in accordance with Goldberg Kohn's standard terms and conditions.

3. Attached hereto as Group Exhibit 1 are true and correct copies of Goldberg Kohn's statements reflecting the fees and costs incurred by HQ from the inception

of this matter through May 31, 2008. Certain portions of the Goldberg Kohn statements have been redacted because such portions relate to fees incurred in connection with other litigation matters in which Goldberg Kohn represents HQ. In addition, specific language in certain time entries recorded in connection with the instant litigation has been redacted because it reflects privileged information.

4. The total fees and costs incurred by HQ in connection with this matter from its inception through May 31, 2008, are $110,421.30 ($103,995.00 in fees and $6,426.30 in costs).[1] Of this amount, approximately $30,000 in fees relates to work done by Goldberg Kohn during the months of December 2007 and January 2008 in connection with its initial investigation of this matter and the drafting and filing of the complaint.

5. The remaining fees in the approximate amount of $75,000 were incurred between February 1, 2008 and May 31, 2008. Of this amount, HQ incurred approximately $41,000 in fees in connection with the briefing regarding N'Site and Unitrin's motion to dismiss for lack of subject-matter jurisdiction, and approximately $5,700 in fees in connection with the briefing regarding Unitrin's motion to dismiss for insufficiency of process.

---

[1] The amount of $103,995.00 is the total of all fee amounts reflected on the Goldberg Kohn statements for the N'Site/Unitrin matter, less $450.00 for certain time entries on the April 14, 2008 statement which were inadvertently recorded to the N'Site/Unitrin matter which should have been recorded in connection with a different litigation matter. The total costs in the amount of $6,426.30 are actually over inclusive because the Goldberg Kohn statements do not separate expenses incurred in connection with the N'Site/Unitrin matter from those incurred in connection with other litigation matters. Accordingly, only certain expenses totaling $888.65 which were readily identifiable as associated with other litigation matters have been subtracted from the total of all expenses on the Goldberg Kohn statements for this period of time.

6.   In contrast, N'Site seeks recovery of approximately $218,000 for legal fees it claims to have incurred on behalf of itself and Unitrin during that same time frame.[2] Of this amount, N'Site seeks recovery of approximately $121,000 in fees in connection with the briefing of the two motions to dismiss.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2008.

*Deborah Rzasnicki Hogan* /BDF
Deborah Rzasnicki Hogan

---

[2]   The time frames are approximately the same because the time entries submitted by N'Site are dated January 28, 2008 through May 13, 2008.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on August 5, 2008, she caused a copy of the **DECLARATION OF DEBORAH RZASNICKI HOGAN** to be served via the Court's ECF/electronic mailing system upon the following:

>Steven L. Tiedemann
>JPB Enterprises, Inc.
>Suite 400
>8820 Columbia 100 Parkway
>Columbia, Maryland  21045
>
>Paul R. Kitch
>Jodi Rosen Wine
>Elizabeth W. Baio
>Nixon Peabody LLP
>48th Floor
>161 North Clark Street
>Chicago, Illinois  60601-3213

/s/ Deborah Rzasnicki Hogan