UNITED STATE DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08 C 483 |
| v. | ) |
| | ) Honorable Milton I. Shadur |
| N'SITE SOLUTIONS, INC., et al., | ) |
| | ) Magistrate Judge Michael T. Mason |
| Defendants. | ) |

**DECLARATION OF PAUL R. KITCH IN SUPPORT OF DEFENDANTS'
MOTION FOR DETERMINATION OF ATTORNEY'S FEES**

I, PAUL R. KITCH, declare under penalty of perjury that the following is true and correct:

1. I am over 18 years of age, have personal knowledge of all facts attested to herein, and can competently testify to the same.

2. I am a partner in the Intellectual Property Department of the law firm of Nixon Peabody, LLP and I reside in that firm's office in Chicago, Illinois. I am the attorney in charge of this litigation for Unitrin Direct Insurance Company ("UDIC").

3. I graduated from the University of Michigan Law School in May 1993. I received a B.S. degree in Electrical Engineering from the University of Michigan in 1989 and an M.B.A. degree with high distinction from the University of Michigan in 1993.

4. I have been in private practice since September 1993. I am a member in good standing of the bar of Illinois. I am admitted to practice before the U.S. Court of Appeals for the Federal Circuit and the Northern District of Illinois and before the United States Patent and Trademark Office. My practice focuses on intellectual property law.

5. Elizabeth W. Baio is an associate in Nixon's Intellectual Property Department and resides in the firm's Chicago office. She worked a substantial number of hours on this litigation. At all times, she worked under my direction and supervision. Ms. Baio graduated from Loyola University Chicago School of Law in 2004. She graduated from the University of Notre Dame in 2001. She is a member of the bar of Illinois.

6. Joey Yao is also associate in Nixon's Intellectual Property Department residing in the firm's Chicago office. At all times he worked under my direction and supervision. Mr. Yao graduated from the George Washington University Law School in 2005. He graduated from Cornell University, with distinction. He is a member of the bar of Illinois and the District of Columbia.

7. Jodi Rosen Wine is a partner in Nixon's Intellectual Property Department whose practice focuses on litigation. Ms. Wine practices out of the firm's Chicago office. Ms. Wine graduated from the University of Chicago Law School. She graduated from the University of Colorado, Boulder. She is a member of the bar of Illinois.

8. Laurin Mills is a partner in Nixon's Intellectual Property Department whose practice is focused on copyright litigation. Mr. Mills practices out of the firm's office in Washington, D.C. Mr. Mills graduated, *cum laude*, from Georgetown University Law Center in May 1989. He graduated from the University of Maryland in 1980. He is a member of the bar of the District of Columbia, Maryland, and Colorado.

9. Constance Boland is a partner with experience with indemnification who billed 0.4 hours on this matter. Ms. Boland practices in the firm's office in New York City.

10. Peter Durant is a partner in Nixon's Intellectual Property Department whose practice focuses on copyright law who billed 0.3 hours on this matter. Mr. Durant resides in the firm's office in Rochester, NY.

11. Hope Buckley is a paralegal in the Intellectual Property Department with my firm and resides in the Chicago office

12. Lynn Leinartas is a librarian with my firm and resides in the Chicago office.

13. Tobie Hewitt is a word processing specialist in the firm's office in Rochester, NY.

14. My firm bills clients on the basis of hourly rates. My rate in 2008 is $495 per hour. Ms. Baio is a fourth-year associate, and her rate is $305 per hour. Mr. Yao is a third-year associate, and his rate is $335 per hour. Ms. Wine's billable rate is $470 per hour. Mr. Mills' billable rate is $605. Mr. Durant's billable rate is $615.00 per hour. Constance Boland's billable rate is $695 per hour. Hope Buckley's hourly rate is $195 per hour. Lynn Leinartas' hourly rate is $165 per hour. Tobie Hewitt rate is $180 per hour. The time spent on this matter were billed at these rates.

15. On information and belief, the hourly rates charged by my firm are consistent with the market rates charged by other firms of similar size and capability as Nixon Peabody.

16. In fact, the above rates reflect a discount off the firm's standard rates. For example, my standard hourly rate is $530.00 but I billed UDIC at an hourly rate of $495.00 in this matter which in my case reflects a discount of 6.6%.

17. I am the billing attorney for UDIC and am responsible for the content of all our bills. All attorneys, law clerks, and other legal assistants at my firm record their time in 1/10 of an hour increments. We are all required to provide daily descriptions of the work we perform on behalf of our clients. UDIC's bills were prepared, in accordance with our standard practices, on the basis of these daily time entries and descriptions.

18. Throughout the defense of this case, I deferred as much of the work as I could to Ms. Baio, Mr. Yao, Ms. Buckley, or others so that UDIC would be billed at their relatively lower hourly rates.

19. Throughout this litigation, I did the best I could to keep fees and expenses down. However, because Plaintiff's attorney Deborah Hogan resisted agreeing to an extension of time for UDIC to respond to the complaint in this case, resisted our attempts to engage in good-faith discussions to settle this case, and insisted on pressing for immediate and comprehensive discovery, we were forced to work on an expedited basis and address a substantial number of issues.

20. I carefully reviewed our bills to UDIC each month and regularly wrote off unproductive or duplicative time spent on the matter.

21. After a careful review of the itemized billing statements, I have written off $11,439.00 worth of billable time. The final request for fees to date is attached at Exhibit A and includes this deduction.

22. As can be seen from Exhibit A, the total request for fees to date is $171,390.00 and the total request for costs and expenses is $2,972.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 14, 2008

_____
Paul R. Kitch