IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HYPERQUEST, INC.,                    ) DOCKET NO. 08 C 483
                                     )
                    Plaintiff,)
                                     )
        vs.                          )
                                     )
N'SITE SOLUTIONS, INC., et al.,      ) Chicago, Illinois
                                     ) February 27, 2008
                    Defendants.)  9:00 o'clock a.m.

TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiff:
                MS. DEBORAH R. HOGAN

For the Defendants:
                MR. STEVEN L. TIEDEMANN AND
                MR. PAUL R. KITCH

JESSE ANDREWS
Official Court Reporter - U. S. District Court
219 S. Dearborn Street
Chicago, Illinois  60604
(312) 435-6899

*     *     *     *     *     *

8

1  said in our brief, we have alleged and we have good faith

2  basis for alleging that the license was terminated, we don't

3  have the ability to prove that without discovery.  So to the

4  extent that's a crucial issue, we would ask for the right to

5  conduct discovery on that.  I like to say my own, I think it

6  is a crucial issue in order to resolve this standing point.

7          THE COURT:  That's what makes horse races and

8  lawsuits.

9          MS. HOGAN:  Okay.

10          THE COURT:  If you want the opportunity to find

11 out -- if you are saying you don't know whether it was

12 terminated, because of what you do cover in you memorandum is

13 to say specifically that their Revised Agreement was entered

14 into.  And I took that to indicate that the entire situation

15 with vis-à-vis Safelite and N'Site, which you know your

16 Complaint sets out resulted in a claim of breach on the part

17 of Safelite, followed by the parties undertaking to negotiate,

18 and then entering into the negotiations.

19          So I recognize that you did not say that it was

20 terminated.  But I think that that's something that unless you

21 can demonstrate that your claim, if any, is against Safelite.

22          MS. HOGAN:  Okay.  Your Honor if I may, so that I

23 understand your ruling.  Because with respect to the language

24 to enforce its rights under the license, it's Hyperquest's

25 view that that language is referring to Safelite's rights.

9

1  When it says "Safelite"--

2        THE COURT:  Of course.

3        MS. HOGAN:  Okay.  So Safelite's rights under the

4  license.

5        THE COURT:  Right.

6        MS. HOGAN:  It's Hyperquest's view that means their

7  contractual rights.  But it's not talking about any right they

8  may or my not have under the Copyright Act to bring a

9  statutory cause of action for infringement.  But even to the

10 extent that it is, even if it's read more broadly to refer to

11 Safelite's rights under the copyright laws as well, then

12 whatever Safelite's right are or are not to bring an

13 infringement action under the copyright laws, they are and

14 Safelite is covenanted to enforce those rights, that doesn't

15 alter whatever Hyperquest's right may be under the copyright

16 laws.

17        THE COURT:  Expect for one thing -- and that is, it

18 seems to me that you really cannot essentially make that

19 argument in light of the nonexclusivity situation that you

20 have acknowledged takes place by entering into section 2(b).

21 You can't say, "Oh, well, you know maybe that's an exception

22 in terms of our exclusivity, but we are the ones who have the

23 power to go after somebody when the contractual arrangement

24 clearly contemplated otherwise."  Clearly.

25        MS. HOGAN:  Your Honor, I would disagree to the

1 extent that a carve out for the N'Site Original License

2 somehow means that Hyperquest is a nonexclusive licensee.

3         THE COURT:  It is to some at least to a limited

4 extent.  I think it poses an interesting problem.  And that's

5 the reason that I said that you might stand in a different

6 stead.  You have talked about the fact that rights under

7 copyright law are divisible.  True enough.  But the

8 enforcement that we are talking about here vis-à-vis N'Site

9 does not come within that.

10         It's possible, although I am not suggesting a ruling

11 on this one, because I haven't gotten the input about Unitrin,

12 and I except I will get that both from you and from Unitrin's

13 counsel, that Unintrin may perhaps stand in a different stead.

14 That you can take advantage of the doctrine that says -- that

15 talks about the divisibility of rights, and that therefore

16 that enables you to sue.  I don't know the answer to that one,

17 and that will be a function of what you come out with.

18         So what I am going to do then is this.  I am going

19 to give you where I am coming from.  I will give you an

20 opportunity to engage in limited discovery to determine

21 whether the N'Site Agreement was in fact terminated if it was

22 not, then I have already told you what my ruling is going to

23 be vis-à-vis N'Site.

24         I will except that it probably makes sense to have

25 Mr. Kitch on behalf of his client to file something in the