```
                                                                    1

              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


HYPERQUEST, INC.,                      ) DOCKET NO. 08 C 483
                                       )
                          Plaintiff,)
                                       )
    vs.                                )
                                       )
N'SITE SOLUTIONS, INC., et al.,        ) Chicago, Illinois
                                       ) May 1, 2008
                          Defendants.) 9:00 o'clock a.m.



        TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
                    MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiff:
                    MS. DEBORAH R. HOGAN


For the Defendants:
                    MS. JODI ROSEN WINE




                         JESSE ANDREWS
        Official Court Reporter - U. S. District Court
                     219 S. Dearborn Street
                   Chicago, Illinois  60604
                        (312) 435-6899


                *   *   *   *   *   *
```

1  while I am doing this.
2           First I want to address that motion.  Whenever I see
3  as here a citation, a case from our Court of Appeals that's
4  about 30 years old, which is what Hyperquest does when it
5  cites this Tremps against Ascot Oils, I have a suspicion that
6  it's either what we call a "leading case" -- that is, one
7  that reflect something that's so obvious that nobody has
8  bothered to challenge it, or else it may be an outlier that
9  nobody has cited as an authority in the meantime.
10          As chance would have it when Moore's Federal
11 Practice some years back decided to overhaul the entire
12 treatise by a total rewrite rather than by pocket parts, they
13 retained me to author the Chapter on Rule 12.  And I cited at
14 -- I got it out when I got the motion -- I cited at Section
15 12.33(4) -- no (3) rather, a case from our Court of Appeals
16 from 1993 that included listing a defendant's incorrect name
17 as a flaw that would come within Rule 12(b)(4) constraints.
18 That's that case called O'Brien against Archie O'Brien &
19 Associates that's referred to in connection with the motion.
20          Frankly it seems to me that Hyperquest would have
21 been better served by simply moving as it did to amend and
22 invoking the relation-back provision of Rule 15(c).  Because
23 Rule 15(c) deals quite specifically with a situation in which
24 there is a misnomer in connection with a Complaint, but the
25 notice of it has gotten to the actual party, the actual party