```
                                                                    1

                 IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


HYPERQUEST, INC.,                        ) DOCKET NO. 08 C 483
                                         )
                         Plaintiff,)
                                         )
     vs.                                 )
                                         )
N'SITE SOLUTIONS, INC., et al.,          ) Chicago, Illinois
                                         ) April 14, 2008
                         Defendants.)      9:00 o'clock a.m.


         TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
                      MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiff:
                    MS. DEBORAH R. HOGAN and
                    MR. CHAD BLUMENFIELD


For the Defendants:
                    MR. STEVEN L. TIEDEMANN AND
                    MR. PAUL R. KITCH



                         JESSE ANDREWS
         Official Court Reporter - U. S. District Court
                     219 S. Dearborn Street
                     Chicago, Illinois  60604
                         (312) 435-6899

                  *    *    *    *    *    *
```

3

1  chance to go back -- but my question is, is that something to
2  which Hyperquest had directed itself, or were you focusing
3  primarily on the standing issuing because I had asked you to?
4       MS. HOGAN: Your Honor, we were primarily focused on
5  the standing issue.
6       THE COURT: Yes.
7       MS. HOGAN: We had some preliminary discussion at
8  our initial about hearing about that motion.
9       THE COURT: Yes.
10      MS. HOGAN: And your Honor had indicated --
11      THE COURT: Right.
12      MS. HOGAN: -- you weren't sure it was a real world
13 issue, but if you had to decide it, perhaps you would.
14      THE COURT: So I guess my question on that score is
15 whether you have a position that you would like to set out in
16 writing and how short a time frame you might need for that?
17      MS. HOGAN: Short, your Honor. If we could have 14
18 days, your Honor, given some other commitments that I have, 14
19 days, please.
20      THE COURT: Okay. And I am not going to call for a
21 reply. We will see what it looks like. And so that would be
22 by April 28th.
23      The second question that I have has to do with
24 whether either of the defendants believe that there is
25 anything new in the Hyperquest submission that you haven't had

4

1  an adequate chance to address?  I should say, by the way,
2  up-front I find, for example, troublesome the section of
3  Hyperquest's memorandum in which it says that "It did not
4  contract away its ability to enforce its exclusive rights,"
5  because that makes a presumption that it had such exclusive
6  rights, when in fact if you look at the Agreement, what the
7  Agreement talks about is what Safelite had as reserved to
8  itself.  And I don't see in that a notion that somehow what
9  was done was to grant Hyperquest something, and then say, "But
10 not withstanding that, we, Safelite, want to preserve our
11 rights to do something."  That's frankly not how the document
12 reads.  But I will deal with that, you know, when it comes to
13 the issue.  My question is whether you feel that you need to
14 tender something else because of the supplemental memorandum
15 or are the parties really at issue on that whole thing?
16         MR. KITCH:  We would request an opportunity to
17 respond in writing or at least respond today.
18         THE COURT:  Okay.  Well, since I am going to get
19 briefing on the 28th, I will give you the same two weeks for
20 that.
21         MR. KITCH:  Okay.
22         THE COURT:  So whatever you want to do.  Now don't
23 reargue the same stuff, you know because I have had it on the
24 earlier submissions.  But if there is anything that is really
25 new that you view in the presentation, I will expect that on