IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HYPERQUEST, INC., )
)
             Plaintiff, )
)
v. ) No. 08 C 483
)
N'SITE SOLUTIONS, INC., et al., )
)
             Defendants. )

## MEMORANDUM OPINION AND ORDER

After this copyright infringement action concluded with a decision adverse to plaintiff HyperQuest, Inc. ("HQ"), rendering defendants N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin") the "prevailing parties" for purposes of 17 U.S.C. §505 ("Section 505"), those prevailing parties moved to shift the obligation to bear their fees to HQ under that statute. This Court articulated its considerable doubt as to the reasonableness of the requested award in its August 22, 2008 memorandum opinion and order ("Opinion"), and it sees no need to repeat that explanation here. In the meantime the parties have provided the additional input that this Court had requested to provide further insight into the matter, including Unitrin's Supplemental Submission and HQ's Second Supplemental Opposition.

As Opinion at 3 observed, N'Site (even while tendering Unitrin's original submission intact to permit this Court to evaluate its reasonableness vel non) found problems with its

codefendant's request:

> As for the amount of time spent by Unitrin's counsel on the representation, N'Site must, in candor, reveal that it was surprised by the large volume of time charged by Unitrin's counsel.

That really understates this Court's reaction as a gestalt matter. Before it took the bench, this Court spent three decades in the active practice of law, including a substantial amount of work in the field of copyright law and other fields of intellectual property, and it is well aware of the work called for in a dispute such as this one (though it is of course equally aware of the sharp escalation of hourly rates over the years, especially in the recent past, that can fairly be applied to that work). This Court's review of Unitrin's materials has left it with the strong and abiding sense, expressed earlier in Opinion at 4, that the amount that has been requested reflects major overkill in terms of the time and resources devoted to the task.

It is frankly impossible, acting in hindsight and from the outside looking in as a court must perforce do, to be precise in the determination of a reasonable fee in a complex matter such as this one. But a few basic considerations point the way toward a reasonable determination:

1. HQ launched an ultimately unsuccessful action against the two defendants. From the very nature of the dispute, defendants had to expend more time and effort in defending against HQ's claim than HQ had to spend to pursue

2

it.

     2.   With more than one defendant involved, an efficient handling of the defense (the hallmark of reasonableness) ought not to involve a doubling of the efforts of plaintiff's counsel, any more than it should simply involve one-to-one matching efforts.

     3.   There is a great deal of force in the individual challenges posed to the amount of time expended by defendants on various phases of the litigation, as pointed to in HQ's Second Supplemental Opposition.

For those and other reasons, what remains for this Court is an abiding conviction that the amount requested is not only excessive but grossly excessive as a proposed measure for fee-shifting under Section 505.[1]

Because any effort at a detailed parsing for quantification purposes is really not feasible--and, at least as importantly, would not have any real assurance of correctness--this Court finds itself compelled to resort to an estimate of reasonableness. As for the fees component of a Section 505

---

[1] It is worth noting that defendants prevailed here based on a determination that HQ, as a nonexclusive licensee, lacked standing to sue to enforce the copyright. That determination obviated any need to adjudicate the validity of the copyright or the substantive issues regarding infringement, the kinds of determinations that normally create the "very strong" presumption that a prevailing defendant is entitled to invoke Section 505 (see, e.g., Assessment Techs. of WI, LLC v. Wiredata, Inc., 361 F.3d 434, 436-37 (7th Cir. 2004)).

award, it determines that an aggregate of 150% of the roughly $75,000 in fees incurred by HQ during the months of February through May 2008--an aggregate of $112,500--is reasonable. And as for defendants' fees-on-fees activity, a proportionate reduction of the approximately $37,000 that they request (a reduction reflecting the parties' comparative degrees of success and failure with respect to the much larger amount that had been requested for original fees) would add about $18,500 to that figure, for a total award of $131,000 in fees. Unitrin is directed promptly to provide a final statement of the out-of-pocket expenses involved, so that a judgment order may be entered covering both fees and expenses.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 3, 2008